JAMES E. JORDAN, plaintiff in error, vs. BENJAMIN F. RHODES and AZARIAH DOSS, defendants in error.

If A. sells land to B. giving him a bond for titles, and subsequently conveys to C. who has full knowledge of the prior sale, he is in no better condition than A., but is affected with all the equity existing between the previous parties.

Notwithstanding time is of the essence of the contract, it may be waived; and a subsequent offer to fulfill the contract, and urging a compliance on the other side, instead of treating the contract as at an end, amounts to a waiver.

In Equity, from Randolph county.  Decision by Judge KIDDOO, at May Term, 1857.

The facts of this case, are fully stated in the opinion of the Court.

HOOD & ROBINSON, for plaintiff in error.

DOUGLASS & DOUGLASS, for defendants in error.

*By the Court*—LUMPKIN J., delivering the opinion.

In February, 1852, Doss sold Jordan, lot of land No. 256, in the 6th district of Randolph county, for $350; $175 of which was to be paid the next Christmas; and the other half the Christmas thereafter the whole to bear interest

Jordan vs. Rhodes and Doss.

from date, if not punctually paid.  In February, 1853, the purchase money being unpaid, the contract was renewed. Doss took Jordan's note for $422 25, payable the 25th of December next, afterwards, and gave him a new bond for titles, upon condition, that the price was paid punctually, without trouble or expense to the vendor.  Jordan remained in possession of the land under this purchase, having originally been found upon it as a squatter, when the trade was made.

This last contract was not fulfiled.  But notwithstanding the failure on the part of Jordan, Doss some years thereafter, prepared a deed and tendered it to Jordan; and urged him to pay the purchase money.  Failing to do so still, Doss sold the lot of land to Rhodes for $500 ; $300 of which has been paid, and the balance of $200, is still owing.  The inference is from the proof, that Doss at the time he sold to Rhodes, not only made him a warranty deed to the land, but also turned over to Rhodes, Jordan's note.

To the April Term, 1855, of the Superior Court of Randolph county, Rhodes brought his action of ejectment against Jordan, to get possession of the land; and at the ensuing October Term, a suit was brought in the name of Doss against Jordan, upon Jordan's note.  It is not pretended that it was the intention of either Doss or Rhodes to recover the land, and likewise Jordan's note.  But the idea was, that if the ejectment failed, payment of the note should be enforced.

Jordan now files his bill to enjoin these proceedings, and offers to pay for the land, provided he can get titles, which he prays to have made under a decree of the Court.  The injunction was granted by the Court, but upon the filing of the answer, the Court upon motion, dissolved the injunction, and it is to reverse this interlocutory order, that this writ of error is prosecuted.

We had best in the first place, disentangle this case of the complicity growing out of the re-sale of the land by Doss to

Rhodes.   Rhodes bought with full knowledge of the previous sale to Jordan.   Jordan was not only in possession of the land, which should of itself have put Rhodes upon enquiry as to the  nature of his tenure ;  but Rhodes admits, that he saw the note given  by  Jordan  to  Doss,  which note states upon its face,  that  the  consideration  of the note was the price of this lot of land : and that is not all,  Rhodes  says that Doss told him of the previous sale.

The question  then is narrowed  down  to this; conceding that time,  is of the essence of this contract, and  more is not asked;  what are the  relative rights of Doss and  Jordan ; for we drop Rhodes altogether, and  treat the  transaction  as though  Doss and Jordan  were alone the parties to it.   In law, it is the same thing.

Doss then,  some  twelve months after Jordan's last note fell due, tendered Jordan a title, and insisted on the payment of his note.   So far from demanding a rescision of the trade or treating it as at an end, by reason of the failure of Jordan to comply punctually with  his agreement, he not only tenders a title, and urges the  payment of the purchase  money, but he subsequently turns over Jordan's note to Rhodes, and upon which an action has been instituted.

The remedy of Doss was three-fold.   To sue in ejectment, and thus force Jordan to  pay the purchase money, or be evicted from the premises ;  go  into equity and  obtain a decree for  the  rescision of the  contract by being put into possession  and delivering up the bond for titles, and the note of Jordan to be cancelled ; or sue and obtain a judgment upon the note and have the land sold under the statute, to pay the debt.  · In the prosecution of either of these  remedies, Jordan would have had the right to have arrested the proceeding by paying up the purchase money ; and  this he offers now to do.

We hold then, that the injunction should have been retained ; and that upon the payment of the purchase money into

Court, Jordan will be entitled to have a conveyance executed, either from Rhodes or directly from Doss; and the deed from Doss to Rhodes cancelled.

Judgment reversed.