### BEDER FALES *vs.* LUTHER HEMENWAY *et als.*

#### Mortgage. Reference. Practice.

An unrestricted reference by rule of court of a suit pending upon a mortgage gives authority to the referee, if he finds the plaintiff entitled to recover, to determine the amount of the conditional judgment.

Where the mortgage is conditioned to be void upon the fulfilment by the mortgagors of their obligation to the mortgagee for a life maintenance and other things, the referee, if he finds a breach of the continuing condition, should make up the conditional judgment in such sum as in equity and good conscience is a present equivalent for full performance, including therein prospective, as well as past damages.

It is competent for the referee by permission of the presiding judge, to amend the form of his report so as to make its meaning plain, after it has been opened and filed in court, without a formal order of recommitment for that purpose.

ON EXCEPTIONS.

WRIT OF ENTRY, originally commenced by Joseph Tolman upon a mortgage conditioned for his support by the respondents, as is stated in the opinion.

This action was instituted June 20, 1867, upon said mortgage, dated March 28, 1866, given to secure the performance of an obligation of even date for the mortgagee's comfortable maintenance. It was entered at the September term, 1867, of this court for Knox county, and referred the ninth day to Isaac Tolman, but the rule did not issue till May 7, 1868, and at the September term of that year the referee presented his report, to the effect that, upon the defendants' failure to appear agreeably to the notice given he proceeded *ex parte* and found that the defendants did disseize, &c., and further determined and awarded "that the conditions of the obligation described in the mortgage declared upon have been broken by the defendants, and that the amount due to the said Tolman from the defendants on account of the breach of said obligation, in full satisfaction thereof, is seventeen hundred and thirty dollars, and that the plaintiff is entitled to a conditional judgment for that sum" and costs.

The defendants filed written objections to the acceptance of the report alleging various objections; that the reference was without the knowledge of the defendants or of their counsel; that the referee was the nephew of the plaintiff; because one of the defendants died before the hearing, and no administrator had been appointed before the hearing; that Luther Hemenway, upon the reception of the notice of hearing, wrote the referee that one of his co-defendants lay at the point of death (the one who soon after died) and another (said Luther's wife, a daughter of the original plaintiff) was confined to the house by sickness; because he had determined matters not submitted to him, and assumed to award both the mortgaged property and damages for non-performance to the plaintiff; and because the report was changed in material particulars after it was filed. The change was in striking out "fifteen hundred" and inserting "seventeen hundred and thirty" before "dollars," and striking out these words: "I also award that the plaintiff shall recover of the defendants the costs of his board and clothing from the time he was obliged to leave the premises up to September, 1868, as taxed by me at two hundred

Fales *v.* Hemenway.

and thirty dollars." The judge at *nisi prius* overruled the objections and ordered it to be entered of record as accepted, to which the defendants excepted.

The original plaintiff died, and Beder Fales came in to prosecute, as his administrator.

In allowing the exceptions the justice to whose rulings they were taken added this explanatory statement:

"As to the first objection, I find as matter of fact that the entry upon the docket of a reference to Isaac Tolman was known to the defendants and their counsel, at a term of court prior to the time when the rule of court was issued, and that no motion was made to strike off the reference or to correct the entry, but the cause was suffered to be continued.

"I decline under these circumstances to go into an inquiry as to the original agreement to refer.

"As to the second objection, I find that the relationship of the referee to the plaintiff is as alleged, and that he was cousin to the female defendants, who are the daughters of the plaintiff, and that the fact of such relationship was well known to both parties before the entry of the reference.

"III. I find the facts as alleged in the objection number three, as to the death of a party before the hearing, but the action was discontinued as to her, before the report was accepted.

"IV. I find in the evidence offered in support of this objection nothing to sustain any charge of unfairness or oppression on the part of the referee, and nothing addressing itself to my discretion in such a manner as to induce me to recommit the report.

"V. The fifth objection presents a naked question of law, and I overrule the objection without examination in order to present it to the full court.

"VI. The changes were made by the referee by my permission, subject to defendant's objection, in order to correct the form of the report.

"I overrule all the objections and order the acceptance of the report."

*T. R. Simonton* for the defendants.

*A. P. Gould* and *J. E. Moore* for the plaintiff.

BARROWS, J.   This case comes before us on exceptions to the acceptance of the report of the referee filed therein and the over-ruling of the defendants' objections thereto.   The suit was origi-nally commenced by Joseph Tolman and is a writ of entry upon a mortgage given to him by the respondents, conditioned to be void if they fulfilled their obligation of same date to maintain him during the term of his natural life, furnish him with certain comforts and privileges, and do certain other acts in said obliga-tion specified.

A hearing before a kinsman of both parties to whom the case was referred by rule of court, was had, and the questions now to be considered were raised upon the presentation of his report for acceptance during the life time of Tolman.

The objections relied on in argument here are that the referee had no authority to fix the amount for which the conditional judg-ment should be rendered ; no power to include in such judgment any damages for the breach of the defendant's obligation, except such as had accrued prior to the commencement of the action, and especially none for the future support of the mortgagee ; and that he was allowed by the presiding judge to amend his report after it was filed, so as to make its purport more certain, by add-ing together and returning in one sum the damages which he had assessed for the support of the mortgagee up to the time of the filing of his report, and those which he had fixed upon and at first returned separately as the prospective damages.

I.  When a suit upon a mortgage is referred by rule of court, without any special limitation of the power of the referee, we think it very clear that it is as much the duty of the referee to ascertain the amount for which the conditional judgment shall be rendered, in case he finds the plaintiff entitled to recover, as it is to determine in whose favor judgment ought to be rendered.

It might as well be held that in an action of assumpsit he has

authority only to say that the defendant did promise but not to assess the damages, as that he may find in a writ of entry on a mortgage that the defendants did disseize the plaintiff but has no power to fix the amount of the conditional judgment.

II. Nor do we see any force in the objection to the referee's making, with the permission of the presiding judge, such an amendment of his report after it has been returned to court as will make it more succinct and intelligible, without a formal order to recommit for that purpose.

No change in the substance of the decision was sought or made.

Subject to the defendant's objection, the referee was allowed to make a specific amendment by adding together the two sums to which he had found the plaintiff entitled. All the substantial rights of the defendants were thus certainly as well preserved as they could possibly have been by a formal order to recommit, and a return from the referee in a new draft, which might have made it more difficult for the defendants to reach the remaining question, which is the only serious one presented by the exceptions. To all practical intents, moreover, the permission to amend was equivalent to a recommitment for that purpose.

III. The referee included in the sum for which the conditional judgment was to be awarded, besides the expense actually incurred for the support of the mortgagee up to the time of filing his report, general prospective damages for the breach of the defendant's obligation.

Ought the judgment so to be made up in a suit upon a mortgage conditioned to be void if the mortgagor fulfils an obligation to support the mortgagee during his natural life ? When there is a breach of such an obligation and the mortgagee sues for possession of the mortgaged estate, shall his damages be assessed once for all, and the conditional judgment rendered for the amount, or is he entitled only to a conditional judgment for the cost of his support up to the time of the commencement of the action or the trial thereof in court ?

It was held in *Sibley* v. *Rider*, 54 Maine, 463, following the

doctrine of *Philbrook* v. *Burgess*, 52 Maine, 271, that the true measure of damages, and the sum for which conditional judgment should be rendered in a suit upon such a mortgage, "is a present equivalent for full performance, and if the parties submit without exceptions to a less sum the judgment will nevertheless be conclusive." Satisfaction of it will operate as a complete satisfaction of the obligation and mortgage, so that no action can subsequently be maintained upon either. Hard as this may seem in a case where a party ignorant of his legal rights had had judgment in such a suit entered up for past damages only, we think a little reflection will make it clear that the contrary doctrine and practice would so completely deprive the mortgagee of any effectual remedy as to work still greater injustice.

There seems to have been at one time a doubt whether mortgages of this description were subject to redemption after breach of the condition; but this court held in *Bryant* v. *Erskine*, 55 Maine, 157, that they are so.

And this is doubtless right; but it is easy to see that the mortgagee who, as is usual in such cases, has conveyed his whole estate, relying upon prompt and punctual performance by the mortgagor for his daily bread, would be in a sorry plight if he were forced to depend for his means of subsistence upon such credit as the right to maintain a succession of small suits for the recovery of money actually advanced, would give him.

After paying the expenses of litigation, little would remain for the support of the obligee.

On the other hand, the party who receives a conveyance of property upon the strength of his agreement to furnish a life maintenance to the grantor, if required, when he fails to perform his contract, either to restore the possession of what he has received or to furnish the means of making his undertaking good, has no cause of complaint. He simply abides the natural and necessary consequences of his own delinquency.

A review of the question only confirms us in the conviction that an adherence to the doctrine of *Sibley* v. *Rider*, and *Phil-*

*brook* v. *Burgess*, *ubi supra*, will best subserve both law and justice. It was the duty of the referee standing as he did in the place of both judge and jury, to determine not only whether the continuing agreement of the defendants had been broken, but to ascertain what sum would be, in equity and good conscience, a present equivalent for full performance ; and for such sum it would follow that a conditional judgment should be entered.

*Exceptions overruled.*

WALTON, DANFORTH and PETERS, JJ., concurred.
VIRGIN, J., concurred in the result.