## MOODY *vs.* GRIFFIN.

60   459
130  688

Although time is of the essence of the contract, it may be waived ; and if, by consent, one party has complied with its terms after the pre-scribed time, a bill for specific performance will lie against the other.

Contracts. Specific performance. Waiver. Before Judge BARTLETT. Greene Superior Court. September Adjourned Term, 1877.

Reported in the decision.

H. T. & H. G. LEWIS; E. C. KINNEBREW, for plaintiff in error.

Jno. C. Reed, by brief, for defendant.

Warner, Chief Justice.

The complainant filed his bill on the equity side of the court, against the defendant, praying substantially for the specific execution of a contract upon the allegations contained therein. On the trial of the case, the jury, under the evidence and charge of the court, found a verdict in favor of the defendants. The complainant made a motion for a new trial on the grounds therein stated, which was overruled, and the complainant excepted.

It appears from the evidence in the record, that on the 21st of November, 1871, the complainant, by deed, conveyed a tract of land therein described to the defendant, Griffin, for the consideration of $1102.35, and on the same day Griffin promised, in writing, that if the complainant should pay him the said sum of $1102.35, and what said Griffin might have to pay for taxes on said land, by the 21st November, 1872, to sell and deed said land to him, the complainant, or if the complainant could find a purchaser of the land within the time specified who would pay more money for it, then he promised to make a title to such purchaser. It also appears from the evidence in the record, that a few days after the 21st of November, 1872, the defendant, Griffin, came to the complainant, who did not have the money, and told him that one Thaxton would buy the land and pay $2,000.00 for it, and that if complainant would consent, he, Griffin, would sell it to Thaxton. Whereupon complainant and the defendant, Griffin, agreed to sell the land to Thaxton for $2,000.00—$500.00 to be paid 1st. January, 1873, and the remainder in annual installments of $500.00 each; and that after Thaxton had paid to Griffin as much as Griffin had paid him for the land, or as much as he owed Griffin, that Griffin was to pay the remainder of the $2,000.00 to the complainant, after deducting $350.00, the amount of two executions of Tuggle and Williams against the complainant.

The theory of complainant's case, as made by his bill, was, that in accordance with the original written contract between himself and Griffin, he had the right to sell the land within the twelve months for more money than Griffin paid him for it, and that Griffin was bound to make a title to such purchaser, and that he, complainant, would be entitled to the excess, if any ; that time was of the essence of that contract, but Griffin waived the time and consented that the written contract as originally made, should be carried out by a sale of the land to Thaxton, a purchaser suggested by Griffin and accepted by the complainant after the expiration of the twelve months.

This arrangement was entirely consistent with the original written contract, except as to the time within which the land was to be sold, and the defendant, Griffin, waived that, as he had the right to do—Code, §10 ; 24 *Ga.*, 478. This theory of the complainant's case is supported by the written statement offered in evidence in the handwriting of defendant, Griffin, dated 22d October, 1874, in which he stated the amount due him by the complainant, and the amount received from Thaxton, in figures, with the following explanation : "The above amount is due me out of the payments of Thaxton on the land, balance will go to Moody."

The court charged the jury, amongst other things, "that if they find from the evidence that Moody, the complainant, made an agreement with Griffin, the defendant, to sell the land in dispute to Thaxton, and for Griffin to pay all over the amount due him, Griffin, for borrowed money, to Moody, out of the sale of the land to Thaxton, and such agreement was not made within the twelve months specified in the bond from Griffin to Moody, it is a *nudum pactum*, a void contract, and cannot be enforced." In view of the evidence in the record as to the waiver of the time by the defendant, within which a purchaser of the land was to be found under the original written contract of the parties, this charge of the court was error. The complainant was entitled to have had the question submitted to the jury, under the evi-

dence, whether the land was sold to Thaxton in pursuance of the original written contract between the parties, with a waiver by the defendant, Griffin, as to the time specified therein for making such sale, or not.    As to the merits of the case under the evidence, we express no opinion.

Let the judgment of the court below be reversed.