## OBER & SONS COMPANY *v.* DRANE *et al.*

1. The defendant in a civil action brought before the passage of the act of December 21, 1897 (which amends section 5057 of the Civil Code), had the right to set up any new facts or defenses by way of amendment by making the prescribed affidavit.

2. When it appears that the note sued on was deposited as collateral to secure the payment of a sum of money for which the depositor was indebted, and with such collateral there were also deposited certain rent notes to secure the payment of the collateral note, and that the holder of the latter had received from the rent notes and other sources a sufficient amount to discharge the collateral note, it will be held to have been paid and the sureties thereon discharged from further liability.

3. Parol evidence tending to show the facts indicated in the preceding head-note was admissible. Such evidence in no manner varied the terms of the written instrument sued on, but went alone to the question of payment.

4. There was no error in the admission of evidence nor in charging the jury. The evidence was sufficient to support the verdict.

Argued November 15, 1898. — Decided February 3, 1899.

Complaint on note. Before Judge Littlejohn. Sumter superior court. August 2, 1898.

*W. P. Wallis*, for plaintiff in error.
*James Dodson & Son*, contra.

LITTLE, J. 1. Error is assigned on the ruling of the court allowing an amendment to the answer. The specific objections were, that the amendment was offered too late and defendant did not comply with the statute, and because there was no original plea filed such as could be amended. The answer was divided into paragraphs, in which some of the allegations of the petition were admitted. There was a denial of any indebtedness, and the defendants set up that they never made any such note as that sued on, nor was the execution of said note their act or deed, nor that of any one authorized by them. This answer was filed in January, 1897. The amendment set up the additional defense, that the note was to be secured by certain rent notes belonging to the maker, a list of which was given in the plea, and that but for the fact that these notes were to accompany the note sued on as collateral, they would not have signed the original note; that the note sued on was given to the plaintiffs as collateral to secure the payment of another sum owed to the plaintiffs by the maker, and that the plaintiffs had

received, from the collateral deposited for the payment of the note sued on, a sum more than sufficient to pay that note in full. To the amendment was attached an affidavit, that the facts set up by amendment were unknown to the defendants, and that they did not have notice or knowledge of the same at the time of filing the original plea. We think the amendment was properly allowed. The suit was brought on the 27th of October, 1896. The amended plea was offered and admitted at the trial in February, 1898. Our Civil Code, § 5057, prescribes that, after the time allowed for answer has expired, the defendant can not by amendment set up any new facts or defense of which notice was not given by the original plea or answer, unless, at the time of the filing of the amended plea or answer which contains new matter, he shall attach an affidavit that at the time of filing the original plea or answer he did not have notice or knowledge of the new facts or defense set out in the amended plea or answer. The affidavit attached to the amended plea clearly brought the defendants within the rule laid down by the statute. A defendant may interpose his defense by plea or answer, but it is not now essential, under the system of pleading which prevails in this State, that any amendment to be allowed thereto must be germane to the original plea. By the Civil Code, § 5052, it is provided that the plea or answer may contain as many several matters as the defendant thinks necessary for his defense; and the provision which controls amendments expressly refers to new matter, notice of which is not given in the original plea or answer, and it is only necessary for the allowance of the amendment that, as to the new matter offered, the defendant shall make oath that he had no notice or knowledge of the new facts or defense at the time of the filing of the original plea. When at the time of trial the defendants offered an amendment, it was not a good objection that there was no original plea which could be amended by the new matter offered, but they were entitled to add, to the answer filed by them, new matter, on compliance with the statute. Besides, the section of the code in relation to amendments of pleas or answers has been amended by the act of 1897. See Acts 1897, p. 35. It is now, under that act, in the discre-

tion of the court to allow amendments to be filed without the affidavit prescribed by the original section; and it would seem, even if the amendment sought to be made had not been verified, that it was within the discretion of the presiding judge, at the time of the trial, to allow it to be filed.

2. It was contended by the defendants, that the note sued on, and which they had signed as sureties, had, by the principal, been delivered to the plaintiffs in error as collateral to secure the payment of another note for a larger amount which the principal owed them, and that when the note so deposited was turned over, other and additional notes, given for rent, etc., were, at the same time, delivered to the plaintiffs in error as collateral to secure payment of the note sued on, and that from such collateral the plaintiffs in error had collected and received an amount more than sufficient to pay off the note on which they sued. This was disputed by the plaintiffs in error, who insisted that the note sued on and the rent notes were alike delivered to them as collateral to secure this other indebtedness owing by the principal of the note. It was, therefore, a clear issue of fact to be determined by the evidence. Several pleas having been filed, the court charged the jury, that if they should find for the defendants, to designate the plea upon which their verdict was rendered. The jury did so in their verdict, and returned that the collateral (referring to the rent notes, etc.) should have been applied to the note sued on. The record contains sufficient evidence to support the verdict so rendered, and the question of fact having been determined, the effect of the finding was to release the securities from liability on the note. Whenever the holder of the note on which they were sureties received from any source payment of the money due thereon, it was extinguished, whether such payments were entered upon the note or not. The jury having found such to be the fact, their verdict must stand, and the securities be held to be discharged.

3. It was complained that the court erred in admitting parol evidence showing the deposit, by the maker of the note sued on, of certain rent notes, etc., as collateral to secure its payment, and that the admission of such testimony tended to vary

the terms of the written contract. It appears that the note sued on was made by W. R. Drane as principal, and the defendants in error as sureties, and that it was an unconditional promise to pay to the plaintiffs in error at the Bank of Southwestern Georgia a sum of money therein named, with interest and attorney's fees. We see no objection to the admission of the evidence on the ground taken. It in no manner had the effect of changing the terms of this contract, but simply tended to show that the promise as made had been complied with, and the money agreed to be paid had been paid. True it was not paid by the securities, but it was paid with the effects of the maker, and it is immaterial who made the payment or from what source it came, provided that the holder of the note, according to its terms, received the sum it represented. This case, as presented in the record, turns upon the facts as to whether the rent notes, etc., were deposited with the note sued on and as collateral to secure the payment of the latter; and whether the holder had received from such rent notes and other sources a sum sufficient to pay the note. No new contract was shown by the admission of this evidence, and it was admissible to illustrate the fact of payment.

4. A number of errors are assigned on the admission of evidence, and to the charge of the court, as set out in the motion for new trial. An examination of the rulings and charge fails to show that the court committed any material error. The rulings admitting evidence were right; and the charge of the court, taken as a whole and including the parts complained of, was a proper legal presentation of the law governing the issues raised. There is sufficient evidence in the record to support the finding of the jury; and the judgment of the court below, overruling the motion for new trial, is

*Affirmed. All the Justices concurring.*