## CALLAWAY *v.* BEAUCHAMP *et al.*

ATKINSON, J.  1. In order to authorize this court to reverse a judgment allowing an amendment to pleading, the record must distinctly disclose, not only that objection to the allowance of such amendment was made at the time the same was allowed, but also the ground of such objection. *McCowan* v. *Brooks*, 113 *Ga.* 532 (4), 533 (39 S. E. 115).

2. A ground of a motion for new trial, complaining of the admission of documentary evidence over stated objections, which does not set forth the document in form or substance, is incomplete, and fails to set forth any question for decision. *Stewart* v. *Bank*, 100 *Ga.* 496 (2), 501 (28 S. E. 249), *Stewart* v. *Randall*, 138 *Ga.* 796 (5), 797 (76 S. E. 352).

3. In an action of complaint for land, where the plaintiff relied on prescriptive title, ancient deeds purporting to convey the land, not connected with the plaintiff's chain of deeds, were inadmissible at his instance as tending to illustrate the good faith of his possession, though offered in connection with extraneous parol evidence to the effect that such deeds were included among a number of other ancient, though more recent deeds, handed down to him as muniments of title by his predecessors.

4. Where title to land is acquired by seven years adverse possession under color of title, such title can not be lost by the holder thereof by abandonment. *Tarver* v. *Deppen*, 132 *Ga.* 798 (7), 799 (65 S. E. 177, 24 L. R. A. (N. S.) 1161). Accordingly, in an action of complaint for land, where the plaintiff relied for recovery on prescriptive title, and the evidence in his favor tended to show that after he had acquired prescriptive title he moved away from the State, leaving a tenant in possession, and the defendants relied on prescriptive title based on adverse possession alleged to have commenced after the departure of the plaintiff,

and to have run for the prescriptive period before the institution of the suit, and it was an issue whether the tenants' residing on the property were those of the plaintiff or those of the defendants, it was error requiring the grant of a new trial for the court to refuse, on written request, to charge the principle above announced.

5. All other requests to charge were covered by the general charge, in so far as they accurately stated principles of law applicable to the case. And while certain portions of the charge, which were complained of in the motion for new trial, may not have been entirely accurate, none of them were erroneous for any reason assigned.

6. As the case will be returned for another trial, no ruling will be made on the assignment of error based on the general grounds of the motion for new trial, and those which complain particularly that the verdict was contrary to the charge of the court.

*Judgment reversed.    All the Justices concur.*
JULY 15, 1913.

Complaint for land. Before M. C. Edwards, judge pro hac vice. Quitman superior court. August 24, 1912.

*Smith & Miller,* for plaintiff.  *B. T. Castellow,* for defendants.