## 11498. LOWE *v.* SLOCUM.

BROYLES, C. J. The verdict was authorized by the evidence, and none of the special grounds of the motion for a new trial shows cause for a reversal of the judgment below.

> *Judgment affirmed. Luke and Bloodworth, JJ., concur.*
> DECIDED JULY 14, 1920.

Action on contract; from Cobb superior court — Judge Blair. April 9, 1920.

The action was for breach of contract by failure to provide for the support and care of the plaintiff as stipulated in his deed conveying certain land to the defendant. The main question argued in the briefs of counsel was to the measure of damages. The plaintiff alleged, that he was 60 years old at the time of making the deed, that at the time of filing the suit he had a reasonable ex-

pectancy of 13 years of life, that the sum necessary for his support when the deed was made and which was still necessary was $150 a year, and that he was damaged in the sum of $2,500. It was contended on his part that the contract was an entire continuing contract, the breach of which gave the right to recover the entire value of the contract. The charge of the court was in accordance with this view, and the verdict was for $1,627.50. It was contended on the part of the defendant that if there was a breach of the contract, it was merely a partial breach, and the recovery should not exceed the value of the support withheld up to the time of the filing of the suit. In his motion for a new trial he excepted to various instructions of the court as to the measure of damages, and to the admission of life-expectancy tables as evidence, and the admission of testimony as to what it would cost to support the plaintiff at the time of the trial.

The deed was made on March 2, 1915, and conveyed to Thomas Low (the defendant) 80 acres of land in consideration of $1 and for the further consideration that "the said Thomas Low is to take care of Steve Slocum [the grantor] the rest of his natural life and provide food and clothing and the necessaries of life in a manner suitable and commensurate with his circumstances in life, including expenses during sickness, and to give him and to bear the expenses of a Christian burial at his death." The suit was filed on February 19, 1917, and was tried on March 10, 1920. In the plaintiff's petition it is alleged that the defendant, after taking possession of the land, tore down the house thereon in which the plaintiff had been living, removed the lumber and built a barn out of it, and built in place of the residence a small shack in which the plaintiff "has been compelled to live ever since," although it was unfit for that purpose, and that the defendant has wholly failed and refused and still fails and refuses to take care of, feed, and clothe plaintiff.

*J. Z. Foster,* for plaintiff in error, cited 6 Ruling Case Law, 1021-2, §§ 382-3.

*Clay & Giles, Campbell Wallace,* contra, cited: 173 U. S. 1; 133 Mass. 74; 131 Mass. 413; 82 Me. 408; 4 Ind. App. 7; 20 N. Y. Supp. 928; 55 N. Y. 592; 23 Oreg. 530; 31 Vt. 582; 35 N. H. 33; 64 Me. 378; 62 *Ga.* 546 (2); 92 *Ga.* 198 (1); 110 *Ga.* 522; 128 *Ga.* 388 (2); 133 *Ga.* 752 (3); 135 *Ga.* 116; 145 *Ga.* 284

(1); 22 *Ga. App.* 355 (1 *a*); 1 Story, Contr. (5th ed.) § 26; 148 *Ga.* 269-70; 145 *Ga.* 425, 682; 133 *Ga.* 237 (5); 123 *Ga.* 853; 110 *Ga.* 392; 74 *Ga.* 51 (2 *d*); 20 *Ga. App.* 660.