FARRAR LUMBER COMPANY *v.* BRINDLE.

No. 7171. FEBRUARY 12, 1930.

*William E. & W. Gordon Mann,* for plaintiff.
*H. H. Anderson,* for defendant.

BECK, P. J. The Farrar Lumber Company brought a petition,

praying that Paul Brindle be enjoined and restrained from cutting timber on a described tract of land; praying also for recovery of the value of the timber alleged to have been cut and carried away by the defendant. The petitioner alleged title in itself to the timber, and the defendant in his answer joined issue on this allegation. Upon the trial the jury returned a verdict for the defendant. A motion for a new trial was overruled, and the plaintiff excepted.

■ Error is assigned upon the following charge of the court: "The plaintiff contends that Mary Ann Brindle was the wife of J. B. Brindle, and that Mary Ann Brindle possesed the premises in dispute at the time of her death, and that it was not the property of J. B. Brindle, her husband." The assignment of error is based upon the contention that there is nothing in the pleadings or the evidence in the case to authorize this charge, and that in view of the real issues raised the charge was confusing and misleading to the jury. The exception to this part of the charge was well taken; for an examination of the pleadings and the evidence shows that the plaintiff actually contended that J. B. Brindle was in possession of the premises in dispute at the time of his death, that he died in possession thereof, that there was a complete chain of title from J. B. Brindle into the plaintiff, and that the proof that J. B. Brindle was in possession of the premises at the time of his death, together with the evidence showing title from Brindle, through successive conveyances, to the plaintiff, made a prima facie case for the plaintiff.

■ The court also charged: "A plaintiff in ejectment (and this is an ejectment case) must recover on the strength of his own title, and not on the weakness of the defendant's title." This was erroneous, because this equitable suit was not an action of ejectment and was not an equitable petition for the recovery of land, but it was a suit for injunction and recovery of damages; and the charge quoted (taken from section 5582 of the Civil Code) was not pertinent in its entirety to the issues in the case. But this charge is not of such a character as requires a reversal, because the essential proposition of law in the charge is that the plaintiff must recover on the strength of his own title, and not on the weakness of the defendant's title; and this was a true proposition of law as applicable to so much of the case as sought a recovery of damages, for the plaintiff was required to show title to the timber alleged to have been cut, in order to recover damages.

■ The court did not err in permitting the defendant to introduce evidence tending to show that a deed, which was apparently a voluntary conveyance upon the sole consideration of love and affection, was really based upon a valuable consideration; for it has been held that a deed which purports on its face to have been executed for a valuable consideration may be shown to be a purely voluntary deed; and the converse of this proposition must be true.

■ A writing purporting to convey·land "to the heirs of" a named person, where that person is dead and the heirs are ascertainable, is not void upon the ground that "it does not show and does not describe the grantees;" for if there are persons ascertainable who are the heirs of the person named, parol evidence would be admissible to establish their identity. 1 Devlin on Real Estate, §§ 184 et seq., and cit. 18 C. J. 159. *Peeples* v. *Rudulph,* 153 *Ga.* 18 (111 S. E. 548).

■ It was error to admit in evidence a writing in the form of a deed describing the land conveyed in the following language: "All that tract or parcel of land lying in said county 40 acres more or less on No. 261 in the 8th district and 3rd section on the south side of said lot," over the objection that it does not describe the location of the land· with sufficient definiteness.

■ The court charged as follows: "I submit to this jury, under all the evidence in this case, the evidence of the witnesses and the documentary evidence as well, the question as to whether or not the deed from J. B. Brindle to the heirs of Mary Ann Brindle Goswick was a voluntary deed. If there was no consideration that passed at or about the time of this deed being made, then I charge you it is voluntary; but if there was a consideration passing at the time— and it may be anything of value, and passed by contract or otherwise, then I charge you it would take it out of the voluntary class and make it a deed for a valuable consideration." This charge is excepted to and the assignment of error is based upon the contention that "the court should have construed the deed from J. B. Brindle to the heirs of Mary Ann Brindle Goswick as a matter of law, whether or not the deed was a voluntary conveyance." While the deed is on its face apparently a voluntary deed, the court did not err in giving this charge, in view of the ruling made above that such a deed may be shown to be one based upon a valuable consideration, and in view of the evidence introduced to show that there was a

40

valuable consideration. This ruling disposes of the exception to the charge in the 11th ground of the motion for a new trial.

■ Several grounds of the motion assign error upon parts of the charge which relate to the subject of title by prescription, adverse possession, etc., upon the ground that there was no evidence authorizing a charge upon the subject mentioned, though the charges given were correct abstract statements of the law. But upon consideration of all the evidence we can not say that there was no evidence to authorize the submission to the jury of the question of title by prescription, although the evidence as to the relation of certain tenants to the parties setting up title by prescription is somewhat vague and confused; but upon the next trial the relationship of such tenants to the parties claiming to own the land may be brought out more definitely.

*Judgment reversed. All the Justices concur.*