COTTLE *v.* TOMLINSON.

No. 13808.   SEPTEMBER 11, 1941.

708

*Robley D. Smith, Robert B. Williamson,* and *Perry & Perry,* for plaintiff.

*Ford & Houston,* for defendant.

DUCKWORTH, Justice. ■ The plaintiff conveyed a tract of land to the defendant by warranty deed dated October 10, 1938. The

entire consideration for the instrument was the assumption by the defendant of a $2500 debt to the Land Bank Commissioner, secured by a loan deed to this tract and some other land owned by the plaintiff. The deed was explicit in stating that the defendant should pay the debt on its due date, and that if he failed to do so the title to the land should revert to the plaintiff. A payment of $100 interest and $250 principal was to fall due on this debt on November 1, 1938, about twenty days after the execution of the deed to the defendant. The plaintiff in her petition alleged that the defendant failed to make this payment. In paragraph 15(a) of his answer the defendant alleged that he made the payment due on November 1 by paying to the plaintiff $76 on or about August 1, 1938, $124 on or about October 10, 1938, and $198 on or about October 14, 1938, "and it was then and there agreed" that the plaintiff should remit the sum of $350 to the Land Bank Commissioner, and the plaintiff did so remit that sum. The plaintiff attacked this paragraph by demurrer on the ground that it appeared therefrom that two of the payments were made before the execution of the deed, that the deed shows that these two payments were not made as a payment on the price of the land, and therefore that the defendant was thereby attempting to vary the terms of the deed by parol. While this paragraph leaves much to be desired in the way of clarity, we do not think it can be construed as being an attempt to vary the terms of the deed. As stated by the demurrant, it does not appear that the alleged payments were made with a view to paying for the land. In fact there is nothing in the pleadings to show why they were made. While it is true that all previous verbal negotiations respecting a sale are merged in the subsequently written contract, and it is not permissible to prove a prior or contemporaneous parol agreement which has the effect of varying the terms of the written contract (*Arnold* v. *Malsby,* 120 *Ga.* 586, 48 S. E. 132; *Capps* v. *Edwards,* 130 *Ga.* 146 (3), 60 S. E. 455; *Carroll* v. *Hutchinson,* 2 *Ga. App.* 60 (2), 58 S. E. 309), the pleadings here involved do not show an attempt to violate this rule. It does not appear that the executed parol agreement relied upon was entered into previously to or contemporaneously with the execution of the deed. The effect of the allegations is that after the execution of the deed the defendant made a third payment of $198, "and it was then and there agreed" that

the plaintiff would remit to the Land Bank Commissioner the $350 payment due on November 1, the consideration flowing to the plaintiff being the $198 given her at that time and two sums of money previously paid to her. The defendant further alleged that the plaintiff made the payment in pursuance of this agreement. Thus in effect the defendant alleged that he made the payment assumed by him in the deed, by making payment through the plaintiff, under an agreement entered into *subsequently to* the execution of the deed. It follows that this portion of the answer was not subject to the attack made, and that the court did not err in overruling the demurrer. See *Ober & Sons Co.* v. *Drane*, 106 *Ga.* 406 (2, 3) (32 S. E. 371).

■ The plaintiff also attacked the portions of the answer dealing with the payment due the Land Bank Commissioner on November 1, 1939, on the ground that the defendant sought thereby to vary the terms of the deed. This attack is not well founded. The defendant alleged that he made the $90 interest payment due on that date, and explained his failure to make the $250 payment on the principal by alleging that the plaintiff, for his benefit and under a parol agreement with him, arranged for a reamortization of the principal of the loan, by the terms of which the principal became payable in twenty annual instalments of $112.50, the first payment falling due on November 1, 1940. The plaintiff could have required the defendant to pay the loan in accordance with the terms of the loan deed as it stood at the time she executed the warranty deed to the defendant, but she waived this right by obtaining easier terms for the defendant to make payment of the debt. This new arrangement was entirely consistent with the terms of the deed, except as to the time within which the defendant should satisfy the indebtedness; and the plaintiff could and did waive that, if the allegations of the answer be true. *Jordan* v. *Rhodes*, 24 *Ga.* 478; *Moody* v. *Griffin*, 60 *Ga.* 459; Code, § 38-507.

■ A further contention made by the answer is that the plaintiff has waived her right to declare a forfeiture, even if it be true that the defendant has failed to make any payment whatever upon the land. By the terms of the deed time was declared to be of the essence. However, the allegations of the answer are sufficient to show a waiver of the time stipulated in the contract. The plaintiff expressed her willingness to treat the contract as still of force

after the time for performance had passed, and, according to the answer, had no intention of declaring the contract at an end until February, 1940, when a disagreement arose between the parties with respect to the use of the timber on the land for turpentine purposes. The plaintiff was willing to indulge the defendant by allowing him further time in which to make the payments called for under his deed, but she made no agreement to grant this indulgence for any particular time. See, in this connection, *Lee* v. *Wilmington Savings Bank,* 31 *Ga. App.* 327 (120 S. E. 689). There is nothing in the pleadings to indicate that the plaintiff ever intended to waive the payments which were past due. On the contrary, her forbearance of the right to declare a forfeiture immediately upon the defendant's alleged breach of the contract was apparently based upon the hope that she might thereby be able to collect these payments. These facts are insufficient to show a waiver of the right to declare a forfeiture. A different question would have been presented if the defendant had offered to do equity by tendering the amount due to the plaintiff before he received notice to vacate the land, or even in the answer itself. See *Jordan* v. *Rhodes,* 24 *Ga.* 478; *Moody* v. *Griffin,* 60 *Ga.* 459; *Turner* v. *Chambers,* 160 *Ga.* 93 (127 S. E. 610). The defendant alleged that he had expended certain sums in making improvements and preparing to cultivate the land in 1940; and it is contended that these facts are sufficient to support an estoppel against the plaintiff. "A waiver or estoppel arises only when the grantor does some act inconsistent with his right of forfeiture, and where it would be unjust for him thereafter to insist upon a forfeiture." *City of Barnesville* v. *Stafford,* 161 *Ga.* 588 (131 S. E. 487). As we have stated, the action of the plaintiff in expressing her willingness to allow the defendant to make the payments after their due date was not inconsistent with her right to declare a forfeiture. She did not represent that her forbearance would be continued for any particular length of time, and the defendant in preparing the land for cultivation should have known that he might be called upon to make the payments at any time. Neither can it be said that it would be unjust to allow the plaintiff to declare a forfeiture. By virtue of the plaintiff's forbearance the defendant had the use of the land in 1939 without making any payment thereon. Because the plaintiff was willing to allow him further grace after

failure to meet the second instalment due under his contract, the defendant insists that he was entitled to the use of the land for another year, without showing any willingness on his part to pay the plaintiff. We know of no rule of law which places such a penalty upon forbearance. It follows that the court erred in refusing to strike the portions of the answer seeking to show a waiver or estoppel.

■ The motion for a new trial assigns error on the admission of certain testimony of the defendant, over the objection that it was sought thereby to vary the terms of the deed. The substance of the testimony objected to was, that, while he was renting the land in 1938, he agreed to purchase the land for $2500, with the understanding that the rent paid for that year would be applied on the purchase-price. He testified with reference to the verbal negotiations which preceded the purchase of the land, in order to show that he would not agree to buy the land until the plaintiff had agreed to apply the rent paid that year on the purchase-price. Where the consideration in a deed is expressed merely by way of recital, it is permissible to show by parol testimony that the true consideration is in fact different from that expressed in the instrument; but where the consideration is so expressed as to make it one of the terms and conditions of the deed, one of the parties thereto can not, under the guise of inquiring into its consideration, alter the terms of the instrument. *Roberts* v. *Investors Savings Co.*, 154 *Ga.* 45 (113 S. E. 398); *Stonecypher* v. *Georgia Power Co.*, 183 *Ga.* 498 (189 S. E. 13); *Simmons* v. *International Harvester Co.*, 22 *Ga. App.* 358 (2) (96 S. E. 9). There is a line of cases where parties have been permitted to establish and enforce contemporaneous oral agreements relating to and made in connection with written contracts. *Brinson* v. *Franklin*, 177 *Ga.* 727 (171 S. E. 287); *Indiana Truck Corporation* v. *Glock*, 46 *Ga. App.* 519 (168 S. E. 124). However, as stated in *Stonecypher* v. *Georgia Power Co.*, supra, "these were instances in which the oral agreement was separate from and independent of the written contract, and where the terms of the oral agreement did not vary or contradict those of the written one. But where both agreements constitute parts of the same contract, or where the oral agreement, though separate and distinct, varies or contradicts the terms of the written instrument, it is unenforceable." In the instant case the con-

sideration was not merely stated by way of recital, but was made the essence of the contract. The entire consideration flowing to the plaintiff was the assumption by the defendant of an indebtedness of $2500, which he obligated himself to pay promptly when due. Under the terms of this deed the defendant became obligated to make a payment of $250 on the principal of the indebtedness on November 1, 1938. Under his testimony it was the duty of the plaintiff to make this payment. Clearly by the testimony objected to it was sought to vary the terms of the deed, and therefore it was inadmissible. For the reason stated in this division of the opinion, the portion of the charge in which the court instructed the jury on the contention of the defendant with reference to this parol agreement was erroneous, as contended in ground 5 of the motion for new trial.

■ Special grounds 2 and 3, complaining of the admission of certain documentary evidence, are too incomplete to present any question for decision. The first of these grounds fails to set forth either the form or substance of the document objected to. While the other ground describes the instrument objected to with more particularity, it fails to give enough of the substance thereof to show that it was subject to the ground of objection urged. See, in this connection, *Yates* v. *State,* 127 *Ga.* 813 (2) (56 S. E. 1017, 9 Ann. Cas. 620) ; *Callaway* v. *Beauchamp,* 140 *Ga.* 207 (2) (78 S. E. 846) ; *Grier* v. *State,* 158 *Ga.* 321 (4) (123 S. E. 210) ; *Skipper* v. *Alexander,* 172 *Ga.* 246 (6) (158 S. E. 32).

*Judgment reversed. All the Justices concur.*