## 45464. DODSON v. PHAGAN.

BELL, Chief Judge. 1. The motion to dismiss the appeal is denied.

2. In denying a motion to dismiss plaintiff's complaint, matters outside the pleadings were considered and the trial court treated it as a motion for summary judgment. *Code Ann.* § 81A-112 (c). No certificate of review was issued and the case proceeded to trial and judgment. Defendant now on appeal enumerates as error the denial of his motion for summary judgment. An order denying summary judgment is not subject to review by direct appeal or otherwise in the absence of a certificate for review by the trial judge within 10 days of the order. *Code Ann.* § 81A-156 (h); *John L. Hutcheson &c. Hospital v. Oliver,* 120 Ga. App. 547 (2) (171 SE2d 649).

3. In this action for breach of an oral contract, one of the issues raised concerns an application of the parol-evidence rule. Plaintiff conveyed to his daughter and grandson, the defendants, certain real estate, reserving a life estate for himself and wife. The deed recited the consideration as natural love and affection. At trial plaintiff and others were allowed to testify that the consideration for the deed was the defendant daughter's promise to pay the expenses of the last illness and burial of plaintiff and his wife. This testimony was admissible as the consideration having been expressed merely by way of recital in the deed, parol evidence is admissible to show that the real consideration is different from that expressed. *Cottle v. Tomlinson,* 192 Ga. 704 (4) (16 SE2d 555). The Supreme Court held in *Thompson v. Cody,* 100 Ga. 771 (3) (28 SE 669) and *Farrar Lumber Co. v. Brindle,* 170 Ga. 37 (3) (151 SE 923) that where love and affection is expressed as the consideration in a deed, a money or other valuable consideration may be shown by parol evidence.

4. The plaintiff prayed for $7,500 damages and the jury returned a verdict for plaintiff and against the defendant daughter for $7,000. At the close of plaintiff's case, defendants moved for a directed verdict and asked the trial court to direct the jury that any verdict for plaintiff must be limited to $1,185.32 as no other evidence was presented on the question of damages. The

motion was overruled. It was shown that plaintiff's wife had died and that his defendant daughter had refused to pay for all the expenses of her mother's last illness and burial. The daughter in her testimony denied making the promise to pay any of the expenses of either her mother or the plaintiff. She did pay a portion of her mother's costs but she testified she did so on a voluntary basis and not as the result of a promise made to her father. The evidence reveals that plaintiff has paid certain medical expenses of his wife and it was shown that a part of her burial charges had not been paid. These costs totaled $1,185.32. Evidence was also received that the deeded property had a value of at least $7,500 at the time of the delivery of the deed and has since appreciated in value. However, this evidence as to the value of the property is irrelevant under the issues of this case and could have no probative value. Under the evidence the jury was authorized to find no more than that all the defendant bargained for was to pay the described expenses of her mother and the plaintiff.

In an action for breach of contract, the burden is on the plaintiff to prove both the breach and the damage. *James v. Emmco Ins. Co.,* 71 Ga. App. 196 (30 SE2d 361). Damages cannot be left to speculation, conjecture and guesswork. *Studebaker Corp. v. Nail,* 82 Ga. App. 779 (62 SE2d 198). The evidence must furnish the jurors with data sufficient to enable them to estimate with reasonable certainty the amount of the damages. *National Refrigerator & Co. v. Parmalee,* 9 Ga. App. 725 (1) (72 SE 191). The evidence in this case is sufficient to authorize a finding that with respect to the expenses of the last illness and burial of plaintiff's wife the contract was breached and damages were authorized up to the amount of $1,185.32. However, as to the plaintiff, of necessity there can be no breach until after his death, and until his death it would be impossible to determine with any degree of certainty the total amount of plaintiff's medical expenses for his *last* illness and his cost of burial expenses. Further, as to plaintiff's medical and burial costs only, the action is not maintainable under a theory of anticipatory breach as the contract has been completely performed by plaintiff and defendant has denied its existence and recovery

for his expenses is dependent upon future contingencies. See Brown Paper Mill Co. v. Irvin, 146 F2d 232; 17A CJS 659, Contracts, § 472 (2) b. Plaintiff cites the case of *Lowe v. Slocum*, 25 Ga. App. 464 (103 SE 719) in support of the judgment. As we read the *Lowe* case, it is distinguishable on its facts. There the action was for breach of contract to provide for support during the plaintiff's lifetime and evidence was adduced by which the jury determined the amount of damages awarded plaintiff for support during his lifetime. Accordingly, the verdict here is unsupported by any evidence in excess of $1,185.32. Consequently, the judgment is affirmed on the condition the plaintiff, within 15 days from the date of issuance of this opinion, write off so much of the judgment as is in excess of $1,185.32 plus costs; otherwise, the judgment is reversed and remanded for a new trial.

*Judgment affirmed on condition. Quillian and Whitman, JJ., concur.*

ARGUED JULY 6, 1970—DECIDED OCTOBER 7, 1970—
REHEARING DENIED NOVEMBER 5, 1970—

*Smith, Crisp & Hargrove, William E. Smith,* for appellant.
*Telford, Wayne & Stewart, J. Douglas Stewart, Smith & Smith, C. E. Smith, Jr.,* for appellee.