## 26294. DODSON v. PHAGAN.

ARGUED MARCH 8, 1971—DECIDED APRIL 8, 1971—
REHEARING DENIED APRIL 22, 1971.

*William E. Smith,* for appellant.

*Telford, Stewart & Stephens, Jeff C. Wayne, J. Douglas Stewart, C. E. Smith,* for appellee.

PER CURIAM. The question here is whether parol evidence was admissible to show that the consideration of a deed, recited to be for natural love and affection, was the grantee's promise to pay certain expenses of the grantor and his wife.

This question arose from an action filed in the Superior Court of Sumter County by the grantor in the deed, H. T. Phagan, against the grantee, Annie Mae Dodson and another party subsequently eliminated, seeking thereafter only recovery of damages for breach of her alleged promise to pay the expenses of his wife's last illness and burial and of a cemetery monument for her. The defendant grantee denied any such promise.

Upon the trial the plaintiff grantor and others over objections were allowed to testify that the consideration of the deed in question, while reciting "natural love and affection," was in fact the defendant grantee's prior promise to pay such expenses of his wife, above recited, and also of himself. There was no issue as to fraud, accident or mistake. The jury returned a verdict in favor of the plaintiff grantor and judgment was entered thereon.

The defendant grantee appealed to the Court of Appeals, which affirmed in part and reversed in part. It held that the evidence was admissible.

Thereupon, the defendant grantee by application for writ of certiorari sought review as to this evidentiary question. We granted the application.

The Court of Appeals held in material part as follows: "This testimony was admissible as the consideration having been ex-

pressed merely by way of recital in the deed, parol evidence is admissible to show that the real consideration is different from that expressed. *Cottle v. Tomlinson,* 192 Ga. 704 (4) (16 SE2d 555). The Supreme Court held in *Thompson v. Cody,* 100 Ga. 771 (3) (28 SE 669) and *Farrar Lumber Co. v. Brindle,* 170 Ga. 37 (3) (151 SE 923) that where love and affection is expressed as the consideration in a deed, a money or other valuable consideration may be shown by parol evidence." *Dodson v. Phagan,* 122 Ga. App. 752 (178 SE2d 748).

We regard this holding as erroneous.

The decisions cited therein are distinguishable and do not sustain the holding.

While "The consideration of a deed may always be inquired into when the principles of justice require it," (*Code* § 29-101), that rule is not applicable here because such testimony would violate the parol evidence rule (*Code* § 38-501).

We regard as controlling here the decisions of *Stonecypher v. Ga. Power Co.,* 183 Ga. 498 (189 SE 13); *Cottle v. Tomlinson,* 192 Ga. 704, supra; *Awtrey v. Awtrey,* 225 Ga. 666 (171 SE2d 126) and the principles they enunciate.

In the *Stonecypher* case, the grantor in a deed stating a monetary consideration sought to show by parol that the grantee also promised to purchase adjoining property at a specified price should the grantor elect to sell it later. This court, upon certified question, held that this could not be shown.

Headnote 3 of that case is as follows: "As between the parties to the contract the consideration of a deed may always be inquired into where the principles of justice require it, provided that the consideration is expressed only by way of recital, and not in such a way as to make it one of the terms and conditions of the instrument. When expressed only by way of recital, parol evidence is admissible to show that the true consideration of the deed is in fact different from the one stated merely by way of recital. However, one of the parties to a deed cannot, under the guise of inquiring into its consideration, engraft upon the instrument a new condition or covenant which imposes an additional affirmative obligation upon the other party. Therefore, a suit for damages or for breach of an oral agreement cannot be maintained, where, in or-

der to establish such agreement, it is necessary to vary the terms of a deed by imposing additional affirmative obligations upon one of the parties to the instrument."

Division 3 of the opinion in the *Stonecypher* case elaborates upon this headnote and provides supporting citations.

In the *Cottle* case, 192 Ga. 704, 712, supra, this court stated the principle that, "Where the consideration is so expressed as to make it one of the terms and conditions of the deed, one of the parties thereto cannot, under the guise of inquiring into its consideration, alter the terms of the instrument," citing cases including *Stonecypher v. Ga. Power Co.*, 183 Ga. 498, supra. The *Cottle* case then held that the parol evidence there, which sought to cast the burden of payment upon the defendant when the deed imposed it upon the plaintiff, was not admissible since it varied the terms of the deed.

In the *Awtrey* case, 225 Ga. 666, supra, the grantor sought to show that in addition to the monetary consideration recited in the deed, the grantee really promised to pay to her one-half of the net proceeds of the property when it was ultimately sold. This court held that this could not be shown, quoting the foregoing headnote of the *Stonecypher* case and stating that "The complainant in the present case sought to engraft upon her written quitclaim deed an oral contract which would impose an additional affirmative obligation upon the defendant, the grantee in the deed."

In the instant case the enforcement of the alleged parol promise, payment for expenses of last illness, burial and cemetery monument, would impose additional affirmative obligations upon the grantee of the deed. The testimony should not have been admitted.

For the reasons stated, the judgment of the Court of Appeals is

*Reversed. All the Justices concur, except Grice, and Felton, JJ., who dissent.*

GRICE, Justice, dissenting. As I appraise it, the testimony in question was properly admitted for the jury to determine what was the consideration of the deed, whether it was natural love and affection, or whether it was the grantee's promise to pay certain expenses of the grantor and his wife. This inquiry did not violate the parol evidence rule.

I regard the decisions cited in the Court of Appeals opinion as sustaining its conclusion and as controlling upon the issue now before us.

The *Cottle* case, 192 Ga. 704, supra, is cited by the Court of Appeals for the proposition that "Where the consideration in a deed is expressed merely by way of recital, it is permissible to show by parol testimony that the true consideration is in fact different from that expressed in the instrument," as distinguished from where it is expressed as a term or condition of the deed. It should be noted that the consideration in the deed in question here was expressed merely by way of recital, "for and in consideration of the sum of natural love and affection," (sic), not a term or condition.

In the *Thompson* case, 100 Ga. 771, supra, the deed recited a consideration of "love and affection," but it was sought upon the trial to show by parol that there was also a valuable consideration, to wit, rendition of services both before and after the execution of the deed. This court ruled in headnote 3 that, "Although the consideration of a deed was expressed as being for love and affection, it is nevertheless competent to support it by evidence which tended to show that there was an additional valuable consideration moving the grantor to its execution."

In the *Farrar Lumber Co.* case, 170 Ga. 37, supra, the record in the clerk's office shows that the deed recited "for and in consideration of the natural love and affection we have for the heirs of Mrs. Georgia Ann Goswick," but that there was a valuable consideration not shown by the deed, namely, promise of payment of certain debts and expenses. Thereupon, this court in Division 3 held, "The court did not err in permitting the defendant to introduce evidence tending to show that a deed, which was apparently a voluntary conveyance upon the sole consideration of love and affection, was really based upon a valuable consideration . . ."

It thus appears from each of those two cases that the consideration was expressed by recital, not a term or condition; and, of decisive significance, that in each, the consideration was only *love and affection,* not a valuable consideration. Hence, in each there was no *additional* burden or obligation placed upon the grantee by the showing as to the *valuable* consideration.

The *Thompson* and *Farrar Lumber Co.* cases are full bench and unreversed and, in my view, are binding precedents to be followed here over the later cases of *Stonecypher, Cottle* and *Awtrey*. The facts in the later cases are quite different.

In the *Stonecypher* case the consideration was stated to be monetary. The parol evidence sought to show the additional consideration was an agreement to purchase other property, hence the engrafting of "a new condition or covenant which imposes an *additional* obligation." (Emphasis supplied.)

In the *Cottle* case, the consideration was expressed as the assumption by the grantee of the grantor's debt which the grantee promised to pay. The parol evidence sought to show that the grantor had agreed to make the payment in question. This court held the evidence was inadmissible since it would vary the terms of the deed and "the consideration was not merely stated by way of recital, but was made the essence of the contract." P. 713.

In the *Awtrey* case, the consideration for the deed was expressed as a monetary one, but the grantor later sought to show that the grantee promised to pay her one-half of the net proceeds of the property when it was ultimately sold. This court quoted headnote 3 of the *Stonecypher* case, supra, and stated that "The complainant in the present case sought to engraft upon her written quitclaim deed an oral contract which would impose an *additional affirmative obligation* upon the defendant, the grantee in the deed." (Emphasis supplied.)

Thus it would appear that where, as here, there are no essential terms or conditions as to a valuable consideration expressed in the deed, introduction of parol evidence of the promise to render services should not be prohibited as an attempt to impose additional affirmative obligations upon one of the parties thereto.

For the foregoing reasons I regard the judgment of the Court of Appeals as correct and would affirm.

I am authorized to state that Justice Felton joins me in this dissent.