## MATHESON *et al.*, *vs.* JONES.

1. If the payee of a note, to induce one to become a security thereon, represents that he has in his hands funds belonging to the principal, which shall be applied as a credit upon the note, the security may give parol evidence of the payee's promise; and if established by the proof, he is entitled to the benefit of said assurance.

Complaint, in Pulaski Superior Court. Tried before the Honorable A. H. HANSELL, at April Term, 1860.

This was an action by Lewis Jones, bearer, against Darius R. Mathewson, Thomas D. L. Ryan and John H. Oakley, on the following promissory note:

" $2,010 00.

" By the 25th day of December next, we, or either of us, promise to pay Charles E. Clark, or bearer, two thousand and ten dollars, with interest from date. Value received.

" February 13th, 1858.

(Signed)          " D. R. MATHESON,
                  " THOMAS D. L. RYAN,
                  " J. HENRY OAKLEY."

With the following credit endorsed :   " Received, December 14th, 1858, of Dr. D. R. Mathewson, sixty-five dollars on the within note."

The defendants pleaded the general issue.   Mathewson, one of the defendants, further pleaded, that he was only surety to said note, and had been induced by Clark, the payee, to become surety, by representing to defendant that there was a settlement to be had between him, Clark, and Ryan, of their partnership accounts, and that there would be due and coming to Ryan about four hundred and fifty dollars, and which he assured and promised defendant should be applied to, and credited on said note; and that it was upon this representation and assurance that he became surety, and that said representation was false, and that no such amount has ever been applied or credited upon said note, and that plaintiff had notice of these facts before he traded for said note, and became the owner thereof, with full knowledge of this defense.

At the trial, plaintiff moved to strike said last-mentioned plea.  The Court granted the motion and struck the plea, and defendant excepted.

The jury found for the plaintiff the full amount of the note, *minus* sixty-five dollars credited thereon.   Whereupon, defendant tenders his bill of exceptions, assigning as error the aforesaid decision.

Dawson & Kibbe, for plaintiffs in error.

Scarborough & Lowry, *contra.*

*By the Court*—Lumpkin, J., delivering the opinion.

We do not think the rule which excludes parol testimony from adding to a written contract applicable to this case. The payee of the note, to induce Darius R. Mathewson to sign the note sued on, assures him, as the plea states, that he had in his hands four hundred and fifty dollars, which would be coming to Thomas D. L. Ryan, the principal in the note, upon the settlement of their medical copartnership, which amount should be credited upon the note, and that upon this representation he acceded to the contract; all of

which was well known to Lewis Jones, the plaintiff in the action.

Is not Mathewson entitled to this credit? Would it not be a fraud to withhold it? Either the payee has realized this sum, or he has not. If he holds it, he is bound to apply it to Ryan's debt; and if he surrenders it up and the security is thereby prejudiced, the loss must fall upon Clark, or Jones, the bearer. If he made a false representation, or was even mistaken as to the matter, it is equally certain that the security will be protected.

Our conclusion, consequently, is, that the plea should not have been stricken, and that if sustained by the proof, the defendant is entitled to claim the relief which he seeks.