20991. LUCAS, Administrator v. BONNER *et al.*

MOBLEY, Justice. By a stipulation of the parties in this case in a pre-trial conference, the only question presented is whether the petition alleges facts establishing an implied trust of certain realty and proceeds thereof in favor of the five children of Jessie Sims, who, under the allegations of the petition, was the husband of Lula Sims and whose five children and he were her sole heirs. The only allegations relied upon to establish an implied trust are: (1) that the deceased induced his children to execute quitclaim deeds to him of their interest in the property; (2) that the children agreed to execute the quitclaim deeds, "giving him control of the said property," upon his promise that he would leave them the property at his death. The deeds recited a consideration of $10, and the alleged promise of Jessie Sims was oral. *Held:*

"Implied trusts are such as are inferred by law from the nature of the transaction or the conduct of the parties." *Code* § 108-104. "Trusts are implied—1. Whenever the legal title is in one person, but the beneficial interest, either from the payment of the purchase money or other circumstances, is either wholly or partially in another. 2. Where, from any fraud, one person obtains the title to property which rightly belongs to another. 3. Where from the nature of the transaction it is manifest that it was the intention of the parties that the person taking the legal title should have no beneficial interest. 4. Where a trust is expressly created, but no uses are declared, or are ineffectually declared, or extend only to a part of the estate, or fail from any cause, a resulting trust is implied for the benefit of the grantor, or testator, or his heirs." *Code* § 108-106. Applying the foregoing principles, where, as here, no beneficial interest in the property was retained in the five children who made quitclaim deeds for a valuable consideration (which is not questioned) conveying all their interest in the property to their father; where fraud in the procurement of the deeds is not alleged; and where, from the nature of the transaction, it is not manifest that it was the intention of the parties that the father, who took the legal title, should have no beneficial interest in the property, the petition fails to establish an implied trust. The trial court properly sustained the general demurrer and dismissed the petition.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 12, 1960—DECIDED OCTOBER 6, 1960.

*J. Walter Cowart, L. A. Browne,* for plaintiff in error.
*H. T. O'Neal, Jr., Adams, O'Neal, Steele & Thornton,* contra.