25339. AWTREY v. AWTREY.

Submitted July 15, 1969—Decided November 6, 1969.

*Hatcher, Meyerson, Oxford & Irvin, Henry M. Hatcher, Jr.,* for appellant.

*Cotton, Katz & White, Stacey W. Cotton, J. Timothy White,* for appellee.

MOBLEY, Presiding Justice. This appeal is from the denial of a motion for summary judgment. The trial judge has certified the case for immediate review.

In the complaint of Ruby Bernice Awtrey against Abbie Irene Awtrey, the complainant asserts a claim to a judgment for one-half of the net sale price of described property, and the impression of a constructive trust on other property bought with the proceeds of the sale. It was alleged that: The parties are the daughters of George Washington Awtrey, who died intestate in 1949 owning the described property. The four other sisters and two brothers of the parties agreed that the parties could retain possession of the property as long as they lived. The complainant and the defendant could not live together and, in 1951, the defendant insisted that the complainant leave the property and let the defendant live alone there. The complainant agreed to leave if the defendant would maintain the property and pay her one-half the net proceeds realized when the house was sold. In the latter part of 1967, the defendant sold the property and received a price of approximately $25,000, above encumbrances.

The defendant filed a motion for summary judgment, supporting it with her deposition and affidavit in which she deposed that: after the death of her father, all of her brothers and sisters, including the complainant, reached an agreement with the defendant that they would sell the property to her for the sum of $500 each; each of her brothers and sisters executed a quit-claim deed to her and she paid each of them the sum of $500; and there was no other agreement between her and any of her brothers and sisters to pay any additional consideration for the conveyance of the property to her. Quitclaim deeds by all the brothers and sisters were attached to the motion. The deed signed by the complainant was dated April 17, 1954.

In response to the motion for summary judgment, the com-

plainant filed the affidavit of her brother G. W. Awtrey, Jr., in which he deposed that: After his father's death, all of the brothers and sisters agreed that the complainant and the defendant could live in their father's home place as long as they lived. In 1951 the complainant moved out of the home place. In 1954 the defendant requested a quitclaim deed from each of the heirs, and he executed a quitclaim deed upon the consideration of receiving $500, and the promise that the complainant would receive one-half of the net proceeds of the property when it was ultimately sold.

In her own affidavit in opposition to the motion for summary judgment, the complainant deposed that she executed the quitclaim deed and received a consideration of $500, but that this was not the total consideration she was to receive for the execution of the quitclaim deed, there being an agreement between the defendant, the complainant, and the other heirs, that the complainant would receive one-half of the net proceeds at the time the property was sold.

These affidavits stated a somewhat different claim from that set out in the complaint, but since the complainant could amend to conform to this evidence, the affidavits must be considered in determining whether any issue was presented by the complainant for submission to a jury.

The joint deed of the complainant and others of her brothers and sisters recited that it was made in consideration of the sum of $500 paid to each of the grantors.

There are no pleadings or evidence authorizing the impression of a trust on property bought by the defendant with money from the sale of the property conveyed to her by the quitclaim deeds of her brothers and sisters. Compare *Lucas v. Bonner*, 216 Ga. 334 (116 SE2d 548).

The question in the case is whether the complainant can offer evidence to support her demand for a sum of money as additional consideration for the quitclaim deed she executed. This question necessitates our consideration of *Code* § 38-501, providing that parol contemporaneous evidence is inadmissible generally to contradict or vary the terms of a valid written instrument, as contrasted with *Code* § 29-101, which provides in

part: "The consideration of a deed may always be inquired into when the principles of justice require it."

In *Stonecypher v. Georgia Power Co.*, 183 Ga. 498 (3) (189 SE 13), it was held: "As between the parties to the contract the consideration of a deed may always be inquired into where the principles of justice require it, provided that the consideration is expressed only by way of recital, and not in such a way as to make it one of the terms and conditions of the instrument. When expressed only by way of recital, parol evidence is admissible to show that the true consideration of the deed is in fact different from the one stated merely by way of recital. However, one of the parties to a deed can not, under the guise of inquiring into its consideration, engraft upon the instrument a new condition or covenant which imposes an additional affirmative obligation upon the other party. Therefore a suit for damages for breach of an oral agreement can not be maintained, where, in order to establish such agreement, it is necessary to vary the terms of a deed by imposing additional affirmative obligations upon one of the parties to the instrument."

The complainant in the present case sought to engraft upon her written quitclaim deed an oral contract which would impose an additional affirmative obligation upon the defendant, the grantee in the deed. Parol testimony could not be admitted for this purpose, and the affidavits submitted by the complainant, asserting this oral contract, did not make an issue of fact for submission to a jury.

The trial judge erred in denying the motion of the defendant for summary judgment in her favor.

*Judgment reversed. All the Justices concur.*