### 45116.   REDFEARN v. CITIZENS & SOUTHERN NATIONAL BANK.

WHITMAN, Judge. The complaint of the Citizens & Southern National Bank against Robert L. Redfearn alleged that on March 12, 1968, Redfearn had guaranteed in writing to the bank the payment when due of any loan or other financial accommodation thereafter made to the Municipal Theater, Inc.; that there-

after, for good and valuable consideration, the Municipal Theater executed and delivered to the bank its promissory note in a certain amount with a specified rate of interest thereon; that the Municipal Theater failed to pay this indebtedness when it came due; that the bank has made demand upon Redfearn for payment in accordance with the guaranty agreement; but that he has failed and refused to pay the amount due.

The guaranty agreement is attached to the complaint and it recites among other things that: "For Value Received . . . and in consideration of *any* loan or other financial accommodation heretofore or hereafter at any time made or granted to Municipal Theater, Inc. (hereinafter called the 'Debtor') by the Citizens & Southern National Bank (hereinafter called the 'Bank'), the undersigned hereby *unconditionally guarantees* the full and prompt payment when due . . . of *all obligations* of the Debtor to the Bank, however and whenever incurred or evidenced, ·whether direct or indirect, absolute or contingent, or due or to become due (collectively called 'liabilities'). . . The right of recovery against the undersigned is, however, limited to the amount of twenty-five thousand and no/100 dollars ($25,000). . . This guaranty shall be *continuing, absolute and unconditional* and shall remain in full force and effect as to the undersigned, subject to discontinuance of this guaranty as to any of the undersigned . . . only as follows: [Here are stated provisions for discontinuance not here pertinent]. Any amount received by the Bank from whatever source and applied by it toward the payment of the liabilities *shall be applied in such order of application as the Bank may from time to time elect.* The undersigned hereby *expressly waives:* . . . (b) *Notice of the existence or creation of all or any part of the liabilities,* (c) presentment, demand, notice of dishonor, protest, and all other notices whatsoever, and (d) *all diligence in collection or protection of or realization upon the liabilities* or any thereof, any obligation hereunder, or any security for any of the foregoing. . . Guaranty to run no longer than April 1, 1969. S/Robert L. Redfearn (Seal)" (Emphasis supplied).

Redfearn's answer to the complaint contained several defenses, the second of which was stricken by the trial court upon motion by

the bank. The order striking the defense was certified for immediate review and has been enumerated as error.

The defense in question is that: "Any liability which defendant might have to plaintiff, which liability is expressly denied, was discharged by plaintiff's actions subsequent to defendant's signing the document identified as Exhibit A [the above guaranty agreement]. . . or in the alternative, by the failure of conditions precedent to defendant's liability to plaintiff." *Held:*

1. The defense that there were conditions precedent is predicated upon Exhibit 1 to the defendant's answer which is a writing reading as follows: "Branch Supervision—Atlanta. March 20, 1968. Memorandum to File—Municipal Theater, Inc. We have agreed to lend Municipal Theater $250,000 for a period of twelve months with guaranties, limited to $25,000 each, signed by the following individuals: [Here are the names of thirteen individuals including Redfearn.] This loan will be disbursed from time to time as funds are needed to pay existing bills and for operating expenses. Also, out of the proceeds, we will pick up the entire debt owing us at the present time, in the amount of $97,804.25. Our loan is to be paid from proceeds from a grant through the Woodruff Foundation plus funds to be raised from a public appeal. S/Howard S. Starks."

It is contended that the above writing was contemporaneous with defendant's agreement and constitutes an integral part thereof and shows that there were conditions precedent to any liability to the plaintiff. Specifically, it is alleged that the Municipal Theater did obtain a grant from the Woodruff Foundation, but that the plaintiff applied only a portion thereof against the indebtedness, whereas application of the entire grant would have discharged the entire indebtedness; that all of these facts were known to the plaintiff but unknown to the defendant until long after the default of the Municipal Theater; that despite its duty to defendant to so apply the grant and notify the defendant, the plaintiff took no steps to apply the entire grant to said debt and never notified defendant of these facts, thereby increasing defendant's risk and preventing defendant from taking action to avoid such increased risk. It is further alleged that: "Upon information and belief, there has been no public funds

appeal conducted on behalf of Municipal Theater, Inc., since March 12, 1968, which was well known to plaintiff at all times since March 12, 1968, but plaintiff never notified defendant of this fact, thereby increasing defendant's risk and preventing defendant from taking action to avoid such increased risk."

The guaranty agreement upon which the action is brought is in itself a valid, complete and unambiguous instrument. The defense urged would require the admission in evidence of the "Memorandum to File" *with constructions placed thereon* by the defendant which do not serve to explain any ambiguities in the agreement, but which would completely change it. The guaranty agreement states most clearly that there are no conditions upon the guarantor's obligation; it is "continuing, absolute and unconditional" with the consideration therefor being "*any* loan or other financial accommodation heretofore or hereafter at any time made or granted to Municipal Theater, Inc." The paper upon which the defendant relies is extrinsic to the instrument he executed. "Parol contemporaneous evidence is inadmissible generally to contradict or vary the terms of a valid written instrument." *Code* § 38-501. The contention that the "Memorandum to File" was contemporaneous with and is part and parcel of the guaranty agreement and that both papers together constitute the contract and must be examined together to obtain the true intent of the parties is without any merit. The contention is refuted by the papers themselves. The trial court did not err in striking the defense dependent upon the "Memorandum to File" which is extrinsic to the guaranty agreement itself. See *Harden v. Orr,* 219 Ga. 54 (131 SE2d 545); *Probasco v. Shaw,* 144 Ga. 416 (1) (87 SE 466); *Howard & Soule v. Stephens,* 52 Ga. 448; *Southern Fertilizer &c. Co. v. Harrell,* 17 Ga. App. 642 (87 SE 911); *Ward v. Thompson,* 13 Ga. App. 152 (1) (78 SE 1012); *Cartwright v. Farmers Bank of Tifton,* 74 Ga. App. 847 (2, 3) (41 SE2d 818). The fact that the guaranty agreement recites "For value received" (ignoring for the moment that a definite description of the consideration immediately follows), in which case the law generally allows parol evidence to show the actual or lack of consideration when such is in dispute, that ambiguity may not be used as the

vehicle for introducing parol evidence to vary the express terms of the agreement. See *Awtrey v. Awtrey,* 225 Ga. 666 (171 SE2d 126).

2. The second defense also alleged that the bank had loaned a later, additional sum to the Municipal Theater, guaranteed by others, and was applying or had agreed to apply payments received (from a public funds appeal) against the later indebtedness first.

Again referring to the guaranty agreement, the guarantor's liability is limited to $25,000, but this liability is in no way conditioned upon any total amount of indebtedness which the Municipal Theater might incur to the bank. A guaranty agreement *may* include such a provision. It is obviously in the guarantor's interest that the debtor's obligations remain as low as possible. But the agreement in this case is not conditioned as to any total indebtedness. Generally, see *Carson v. Hurst & Co.,* 137 Ga. 640 (74 SE 52, AC 1913A 1086).

As to the application of payments question, the general rule is that when a debtor makes a payment to a creditor holding several demands against him the debtor has the right to designate the claim to which the payment is to be applied. If the debtor does not exercise this privilege then the creditor may apply the payment as he chooses. *Code* § 20-1006. This rule is not affected by the fact that there is a surety or guarantor liable on one of the debts and the application of payments to the other notes is not, within the contemplation of the law, an act which injures the surety or guarantor or increases his risk or exposes him to a greater liability so as to discharge him. *Baumgartner v. McKinnon,* 10 Ga. App. 219 (2) (73 SE 519); *Dye v. Peacock,* 5 Ga. App. 417 (63 SE 520); *Hargroves v. Cooke,* 15 Ga. 321, 329. Of course if an agreement has been made respecting the application of payments it must be observed. See *Matheson v. Jones,* 30 Ga. 306 (76 AD 647), wherein it was held that parol evidence was admissible (because of an allegation of fraud) to show that the defendant had been induced to become surety by the payee's representation that a certain sum to be realized by the promisor from a settlement of a partnership account would be applied to and credited on the note. In the case of *Under-*

*wood v. Bass & Heard,* 1 Ga. App. 623, 625 (57 SE 953), it was alleged "that the defendants signed the notes as sureties, that the fact of suretyship was known to the creditors, that they had signed the notes on the faith of the creditors' promise and agreement, that they would employ one of the principal makers for a sufficiently long time and would pay him a sufficient salary to pay off said notes, and would apply his salary to the payment of such notes; that the creditors had performed a part of their agreement and had employed one of the principal makers of the notes accordingly, but had failed to apply his salary to the payment of the notes as they had promised to do; and that there had been a sufficient amount of salary, if it had been so applied, to have paid off the notes." It was further alleged that the agreement to employ and apply salary against the notes was the consideration inducing the defendants to sign the notes as sureties. This court held that the consideration of a note can always be inquired into and that it did not think the plea filed by the defendants as sureties was subject to the objection that it sought to vary the terms of the written contract by parol agreement. In *Taylor v. Scott,* 62 Ga. 40, 42, the court observed that "The very face of the papers which the sureties signed appropriated the crop to these obligations, and it was not in the creditor's power to change that appropriation without the consent of the sureties."

In the present case, however, the very face of the guaranty agreement provides that: "Any amount received by the Bank from whatever source and applied by it toward the payment of the liabilities shall be applied in such order of application as the Bank may from time to time elect." Parol evidence is not admissible to vary this express term of the agreement for reasons previously discussed.

The trial court did not err in striking the second defense with regard to the allegation therein that the bank had made an additional loan to the debtor and had agreed to apply payments to this later indebtedness first.

*Judgment affirmed. Bell, C. J., and Deen, J., concur.*

ARGUED MARCH 2, 1970—DECIDED JULY 6, 1970—

REHEARING DENIED JULY 28, 1970—

*Harmon, Thackston & Smith, Nolan B. Harmon,* for appellant.
*Alston, Miller & Gaines, Ronald L. Reid,* for appellee.