## 28815. HEAD et al. v. HEAD.

UNDERCOFLER, Justice.

On August 31, 1946, the heirs at law of J. C. Head executed a quitclaim deed to Sidney A. Head, another one of the heirs at law, conveying a one-half undivided interest in certain lands to him. The deed recited that J. C. Head, deceased, had consummated the sale with Sidney A. Head during his lifetime but had failed to execute the deeds. The deed recited a consideration of $3,000 and the assumption of one-half of the indebtedness against the property.

On December 28, 1948, the following agreement was executed: "To the heirs of the J. C. Head Estate: If at the time of my return from overseas duty with the army, air force or other reason it is determined that I will not return to the J. C. Head Estate and my farm as operator I hereby agree to release my one half interest to the J. C. Head Estate in which all heirs will then have equal shares, for the $3,000 which I paid plus the $3,000 from my own funds which I paid for operation of the farm. If at any time later I should decide to return to live on the farm it is agreed that I shall have the privilege of buying one half interest in the estate. /s/ Sidney A. Head. Heirs [of J. C. Head Estate]: W. Jerry Head, Ralph Head, and Ruth Head Gregory."

Sidney A. Head filed a complaint seeking a division

of the property and an accounting from the other heirs at law. The other heirs at law of J. C. Head defended on the grounds that they did not execute the quitclaim deed in 1946 to perfect the record of the sale to Sidney A. Head by J. C. Head, deceased, but that they executed the deed to him in consideration of the fact that he was to return to said lands after his discharge from the army and look after and manage the farm and look after their mother, one of the heirs at law; that the one-half interest conveyed to the complainant was conveyed in consideration of the assumption and payment of the indebtedness against the property and that the one-half interest would be all of the interest that he would receive as an heir from said estate. The defendants assert that under the agreement signed by them in 1948 that Sidney A. Head was to return to the farm and, if he did not do so, it would be reconveyed to the estate of J. C. Head; that the complainant did not return to the farm and did not return to the State of Georgia until 1964 although he was discharged from the army some years prior thereto; that he did not perform the obligations agreed to because all the debts due were paid from timber and other items sold from the farm and were not assumed by the complainant as agreed; and that they are entitled to an accounting for the management of the farm.

Sidney A. Head filed a motion for summary judgment on several of the contentions made by the defendants. The affidavit supporting the motion for summary judgment stated that at no time had the amount of $6,000 as set forth in the 1948 agreement been tendered to him and that on February 25, 1963, and August 7, 1963, the offer was withdrawn.

The affidavit filed in opposition to the motion for summary judgment supported the assertions enumerated in the defense pleadings and stated that each time the appellants would agree with his offer the appellee would claim the offer had been withdrawn.

The trial court granted a partial summary judgment and found that the appellee owned a one-half undivided interest in the land described in the 1946 deed; that he owned his pro rata share of the one-half undivided interest not conveyed to him by the 1946 deed; and that

because of such ownership, he was entitled to such pro rata share of a described check paying for a certain right-of-way through the property. The appeal is from this judgment. *Held:*

1. "As between the parties to the contract the consideration of a deed may always be inquired into where the principles of justice require it, provided that the consideration is expressed only by way of recital, and not in such a way as to make it one of the terms and conditions of the instrument. When expressed only by way of recital, parol evidence is admissible to show that the true consideration of the deed is in fact different from the one stated merely by way of recital. However, one of the parties to a deed cannot, under the guise of inquiring into its consideration, engraft upon the instrument a new condition or covenant which imposes an additional affirmative obligation upon the other party." *Stonecypher v. Ga. Power Co.,* 183 Ga. 498 (3) (189 SE 13); *Cottle v. Tomlinson,* 192 Ga. 704 (16 SE2d 555); *Awtrey v. Awtrey,* 225 Ga. 666 (171 SE2d 126).

The consideration recited in the 1946 deed was monetary. The parol evidence sought to show additional considerations and thus engraft new conditions and obligations upon the grantee thereto. This cannot be done. The trial court correctly ruled that parol evidence was not admissible to vary the terms of this deed. *Dodson v. Phagan,* 227 Ga. 480 (181 SE2d 366) and the cases therein cited.

2. The appellants contend that they are entitled to have the 1946 deed canceled for fraud because there was a failure of consideration in the deed in that the appellee had not paid all the debts owed by the farm himself but that the indebtedness was satisfied by the sale of timber and other items belonging to the farm, that they were defrauded because money and other property in which they were partly entitled to as joint heirs of the estate of J. C. Head were used "as consideration so that they would deed their one-half interest in the land" to Sidney A. Head.

"An absolute deed of conveyance will not, at the instance of the grantor, be canceled merely because of a breach by the grantee of a promise made by him in

consideration of which the deed was executed." *Brand v. Power,* 110 Ga. 522 (1) (36 SE 53); *Harden v. Orr,* 219 Ga. 54 (1) (131 SE2d 545).

3. The appellant defendants contend that they are entitled to have specifically performed the 1948 contract in which the appellee complainant agreed to sell his undivided interest in the property to them for $6,000. We do not agree. The 1948 contract between the parties was without consideration and is not enforceable. *Fulenwider v. Fulenwider,* 188 Ga. 856 (2) (5 SE2d 20).

4. The trial court did not err in granting the motion for partial summary judgment.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 13, 1974 — DECIDED JUNE 12, 1974.

*Joseph E. Cheeley,* for appellants.

*Telford, Stewart & Stephens, J. Douglas Stewart,* for appellee.