## 31149. ZORN v. ROBERTSON.

HILL, Justice.

This is a suit for breach of an alleged oral contract to make a will. The Dougherty Superior Court directed a verdict for the defendant executrix, and plaintiff appeals.

Plaintiff Jule Zorn and Mattie Rowe Zorn were married in 1963. Prior to their marriage plaintiff had acquired a house in which they were to reside. Shortly after their marriage he deeded the property to his wife in fee simple for the stated consideration of "One ($1.00) Dollar and love and affection for his wife, the said Mrs.

Jule Zorn." The couple lived in the house until the wife died on June 10, 1975. She left a will dated May 26, 1975, by which she devised to the plaintiff a usufruct in the property with remainder after his use and occupancy to her three children by a former marriage.

The plaintiff filed suit against the executrix for damages or specific performance of a contract to make a will. He contends that he deeded the property in 1963 to his wife in exchange for her oral promise to leave the house in fee simple to him in her will if she should predecease him, that shortly after their marriage she made such a will leaving him the property, but that two weeks before she died she wrote another will revoking the old will and leaving him a usufruct only.

At the close of the evidence the trial judge directed a verdict for the defendant executrix. We affirm.

A suit for breach of an alleged oral contract to make a will devising real property may involve the statute of frauds (Code § 20-401), the dead man's statute (Code § 38-1603), the parol evidence rule (Code § 38-501), or possibly all three. This case involves the parol evidence rule, which is that "Parol contemporaneous evidence is inadmissible generally to contradict or vary the terms of a valid written instrument." Code § 38-501.

Although Code § 29-101 provides that "The consideration of a deed may always be inquired into when the principles of justice require it," in *Awtrey v. Awtrey,* 225 Ga. 666 (171 SE2d 126) (1969), Code § 29-101 and § 38-501 were construed together to mean that a party may not under the guise of inquiring into the consideration of a deed (§ 29-101), contradict or vary by parol evidence the consideration expressly stated in the deed (§ 38-501).

In *Awtrey,* supra, the consideration expressly stated in the deed from plaintiff to defendant was the sum of $500. The plaintiff-grantor asserted that in addition to the stated consideration, the defendant-grantee had agreed to pay to plaintiff one-half of the net proceeds at the time the property was sold. The court found that plaintiff-grantor could not offer evidence of the alleged oral agreement and reversed the denial of the defendant's motion for summary judgment.

*Awtrey,* supra, followed *Stonecypher v. Ga. Power*

*Co.,* 183 Ga. 498 (189 SE 13) (1936). In *Stonecypher,* the court answered three questions certified by the Court of Appeals, two of which involve the parol evidence rule (the first and third). In *Stonecypher,* A owned a tract of land. A deeded a part of the tract to B for a stated consideration of $350. Thereafter A sought to prove that B had orally agreed to purchase the remainder of the tract from A at A's election for $5,650. The court held that the alleged oral agreement violated the parol evidence rule in that it sought to vary the terms stated in the deed, saying (183 Ga. at 504): "It is true that as between the parties to the contract the consideration of a deed can generally be inquired into whenever the principles of justice require it. This is always true, if the consideration is expressed in the instrument merely by way of recital,[1] and not in such a manner as to make it one of the terms and conditions of the deed. And where the consideration is expressed only by way of recital, it is permissible to show by parol testimony that the true consideration is in fact different from that expressed in the deed. [Cits.] However, one of the parties to a deed can not, under the guise of inquiring into its consideration, alter the terms of the instrument; and where proof of a consideration different from the one expressed would have the effect of altering the terms and conditions imposed by the deed, it is not permissible to set up by parol another and different consideration for the purpose of showing a failure of the latter." See also *Head v. Head,* 232 Ga. 373 (1) (207 SE2d 15) (1974).

In *Miller v. Shaw,* 212 Ga. 302 (92 SE2d 98) (1956), the consideration stated in the deed was one dollar. The court held that the plaintiff-grantor could not recover upon an alleged oral contract made contemporaneously with the execution of the deed by which the deceased grantee promised to reconvey the property by will to the plaintiff-grantor, saying (Id. Hn. 1): "Where one by deed conveys a lot of land upon the oral promise of the grantee to devise the land to the grantor in her will, such promise

---

[1]Footnote added. Examples of "recital" of consideration would be "For value received" or "Ten dollars and other valuable consideration."

being the sole consideration for the execution of the deed, and the grantee dies intestate, the grantor can not require the heirs of the grantee to specifically perform such alleged oral agreement. The enforcement of such oral agreement would be violative of the rule of law that parol agreements cannot contradict, vary, add to, or alter the terms of a valid written contract." For practical purposes, *Miller* is identical to the case before us. In *Miller* the stated consideration was one dollar; here the stated consideration is "One ($1.00) Dollar and love and affection. . ." In *Dodson v. Phagan,* 227 Ga. 480 (181 SE2d 366) (1971), a majority of the court held that "love and affection" is not a recital of consideration such as would allow parol evidence to be admissible.

In the case before us the plaintiff sought to prove that the consideration for his having deeded the property to his wife was her oral promise to reconvey it to him by will if she predeceased him. Such offer of proof contradicted and varied, by addition, his deed to her which stated that the consideration for the deed was one dollar and love and affection for his wife. The stated consideration cannot be contradicted or varied by proof of the alleged oral agreement. The trial court did not err in directing a verdict in favor of the defendant executrix.

In view of the foregoing, it is unnecessary to consider the remaining enumerations of error relating to the exclusion of evidence and the statute of frauds.

*Judgment affirmed. All the Justices concur, except Ingram, J., who concurs in the judgment only.*

ARGUED JUNE 14, 1976 — DECIDED SEPTEMBER 7, 1976.

*Rogers & McCord, John R. Rogers, Hugh D. Wilson,* for appellant.
*Floyd H. Wardlow, Jr., Steve Thatcher,* for appellee.