## 58677. KNIGHT v. MUNDAY.

McMURRAY, Presiding Judge.

A sale of real estate occurred in consideration of the sum of "Ten dollars and other valuable considerations." The recorded deed also showed a payment of $5 as the real estate transfer tax, and the real estate transfer tax declaration as certified by the seller showed the total value of consideration received or value of property conveyed as $5,000. An unsatisfied loan deed to secure debt with power of sale with remaining indebtedness of $3,900 was paid off, and the seller received $1,100 in cash.

The seller sued the purchaser (as shown by her amended complaint) for $1,500 plus interest at the rate of 7% per annum from September 15, 1975, the date of sale. Plaintiff contends therein that there was an oral contract involved as to the sale of the property between the plaintiff and defendant for the house and lot involved for $6,500. Plaintiff alleges by amendment the oral agreement was to the effect that the written documents as to the transaction should show a purchase price of $5,000 but defendant would pay plaintiff $5,000 at closing, an additional $500 in November, 1975, and a further additional $1,000 within 18 months after closing. Plaintiff contends that the $5,000 was paid at closing but defendant has failed and refused to pay the additional $1,500 as agreed "and reagreed by the parties before, at, and after closing" and "[t]his agreement was made before closing, was remade at closing, and was remade six to eight times after closing."

Defendant answered, admitting only jurisdiction, and denying the claim, adding two separate affirmative defenses contending that the remaking of the agreement "is void and unenforceable by reason of the Statute of Frauds in that such agreement is a 'contract for sale of lands, or any interest in, or concerning them,' and no memorandum in writing was executed pursuant to the Statute of Frauds"; and the purported agreement alleged is an oral agreement "not to be performed within one year from the making thereof and is therefore void and unenforceable by reason of the Statute of Frauds which requires any such agreement to be in writing, signed by

the party to be charged therewith"; and "there was no consideration whatever" for any new agreement "remade six to eight times after closing."

The case came on for trial before the jury and as instructed by the court in its charge it was for the jury to determine whether the original agreement was to pay $6,500 for the land or whether it was a mere $5,000. The jury returned a verdict for the plaintiff for $1,500 with no interest, and the judgment followed the verdict. Whereupon the defendant orally moved for judgment notwithstanding the verdict in accordance with his motion for directed verdict made at the close of the case and as set forth in a recorded brief in support of same which was thereafter denied. Defendant appeals. *Held:*

1. The evidence submitted by the plaintiff is that the parties had an oral agreement for the plaintiff to sell and the purchaser to buy upon an agreed price of $6,500 to be paid as follows: $5,000 at closing; $500 in November, 1975, and $1,000 to be paid in 18 months after the closing. Defendant's contention is that the sale was for $5,000 which was paid in full as shown by certain exhibits such as the warranty deed which shows a real estate transfer tax of $5, the certificate executed by the plaintiff as to the payment of $5 as the tax due for the total value of consideration received or value ($5,000) of property conveyed; the payment of $3,900 to pay off a prior mortgage and a receipt acknowledging payment of $1,100 cash "for my equity in home in White, Ga.," signed by the plaintiff.

It is noted that the warranty deed shows a consideration of "Ten dollars and other valuable considerations." Under the circumstances the deed on its face does not show itself to be complete, certain and unambiguous. *Stuckey v. Kahn,* 140 Ga. App. 602, 603 (1) (231 SE2d 565); *Taylor Freezer Sales Company, Inc. v. Hydrick,* 138 Ga. App. 738, 739 (2) (227 SE2d 494); *Preferred Risk Mut. Ins. Co. v. Jones,* 233 Ga. 423, 425 (211 SE2d 720). Thus parol evidence is admissible to show the actual consideration for the deed, *Bashinski v. Swint,* 133 Ga. 38, 41 (65 SE 152); *Parker v. Wellons,* 43 Ga. App. 721 (4), 728 (160 SE 109), and this is true when the consideration is in dispute as same may always be

inquired into when the principles of justice require it. Code § 29-101; *Redfearn v. C. & S. Nat. Bank,* 122 Ga. App. 282, 285 (176 SE2d 627). Accordingly the plaintiff was authorized to sue for the unpaid balance of the purchase price which she contends had never been paid.

2. Plaintiff is here suing for the balance of the consideration as found in the warranty deed. Further, the plaintiff contends that she has fully performed the contract as contained in the deed by the execution of the deed and the delivery of the property, thereby relieving the oral contract from the operation of the Statute of Frauds set forth in Code § 20-402 by her performance. See in this connection *Cooper v. G. E. Const. Co.,* 116 Ga. App. 690, 694 (158 SE2d 305); *Friedlander v. Schloss Bros. & Co.,* 43 Ga. App. 646, 647 (4) (159 SE 870). The deed was delivered on September 15, 1975. The complaint was thereafter filed and served on the defendant on December 20, 1975. While there is considerable conflict in the evidence as to what the consideration for this transaction was, nevertheless, the evidence was sufficient for the jury to find in favor of the plaintiff in the amount of $1,500. All of the enumerations of error complaining of the sufficiency of the evidence, the weight of the evidence, and the denial of defendant's motion for directed verdict and for judgment notwithstanding the verdict are not meritorious.

3. The trial court did not err in refusing to charge the written request with reference to the Statute of Frauds, Code § 20-401 (4) (5) (not changed by Ga. L. 1962, pp. 156, 427), and as to Code § 38-501 as to parol contemporaneous evidence being inadmissible generally to contradict or vary the terms of a valid written instrument and a charge that one cannot engraft upon a deed a new condition or promise imposing an additional affirmative obligation are not applicable to this action to recover the unpaid consideration of a warranty deed. Plaintiff here was not attempting to engraft upon the deed a new condition or covenant imposing an additional affirmative obligation upon the defendant as was the case in *Awtrey v. Awtrey,* 225 Ga. 666, 668 (171 SE2d 126). Plaintiff was fully authorized to sue for the consideration which had not been paid. See *Stonecypher v. Georgia Power Co.,* 183 Ga.

498 (3) (189 SE 13).

*Judgment affirmed. Banke and Underwood, JJ., concur.*

SUBMITTED OCTOBER 15, 1979 — DECIDED OCTOBER 30, 1979 — REHEARING DENIED NOVEMBER 19, 1979 — 

*C. Stephen Cox,* for appellant.
*Ben Lancaster,* for appellee.