## 59059. STEWART v. PHILLIPS.

SMITH, Judge.

This is an action by the Seller for the recovery of monies due under the terms of a contract for the sale of land. Seller brings this appeal from the grant of Buyer's motion for a summary judgment dismissing the complaint. We reverse.

On July 20, 1978 the parties contracted for the sale of property in Terrell County, Georgia. Paragraph 3 of the contract stated, "The sale of said property described in Exhibit A is a sale by the acre and not by the tract. Said property is represented by Seller to contain 34.5 acres more or less. Buyer shall have the option, at his expense, prior to closing, to have the property surveyed by a registered land surveyor in the State of Georgia. The purchase price of said property shall be determined on the basis of the applicable price per acre in accordance with the determination of this survey as to the number of acres contained in said tract." Sometime during August or September, Buyer arranged to have the subject property surveyed "for future development." The closing took place on the morning of October 12, 1978 and was based on 34.5 acres. The survey, which was completed that same afternoon, revealed that the tract actually contained 36.23 acres. Neither party was aware of the results of the survey at the time of closing although Seller had attempted to ascertain the results from the surveyor earlier that morning. Buyer contends that since the survey was not completed prior to closing, the results thereof have no effect on the purchase price of the land. Buyer further contends that the antecedent sales contract merged into the deed, and therefore the deed is considered to be a complete relinquishment of all conflicting claims in the preceding sales contract. We cannot agree.

The general rule followed in this state is that "antecedent sales contracts covering the purchase and sale of real property merge in a subsequent deed involving the same property." *Jordan v. Flynt,* 240

Ga. 359, 362 (240 SE2d 858) (1977). This rule, however, " 'is subject to exceptions, and the intent of the parties is controlling, the question being one of construction, to be gathered from a consideration of the entire contents of the instruments, or from the instruments and surrounding circumstances. If the deed contains no evidence of intention, the question is open to other evidence to determine such intention, but where merger of a prior contract into a deed is denied, the burden of proof rests on the party so denying to show that merger was not intended.' 26 CJS 845, Deeds, § 91(c)." *Knight v. Hedden,* 112 Ga. App. 847, 849 (146 SE2d 556) (1965).

The consideration for the deed was expressed as "Ten ($10.00) Dollars and other valuable consideration." Where, as here, the consideration was expressed merely by way of recital, it may be shown " 'that the true consideration is in fact different from that expressed in the deed.' " *Zorn v. Robertson,* 237 Ga. 395, 397 (228 SE2d 804) (1976). Paragraph 11 of the contract stated, "The covenants, agreements and terms of the Agreement shall survive any closing of any portion of the property described herein and none of the undertakings contained herein shall be merged into any deed or other document executed as a part of any closing pursuant to this Agreement." Therefore, it cannot be held as a matter of law that the parties intended the final purchase price to be determined at closing rather than by the results of the survey. See *Rader v. H. Boyer Marx &c. Inc.,* 142 Ga. App. 97 (1) (235 SE2d 690) (1977).

*Judgment reversed. McMurray, P. J., and Banke, J., concur.*

Submitted January 15, 1980 — Decided April 21, 1980.

*E. Louis Adams,* for appellant.
*Walter H. Burt, III,* for appellee.