## 60837. WIGGINS v. WHITE.

SHULMAN, Presiding Judge.

Pursuant to an oral agreement (the terms of which are in dispute), defendant-appellant purchased certain real property from the plaintiff-appellee. It was plaintiff's contention that the purchase price for such property was the assumption of two bank notes, only one of which constituted the indebtedness on the property itself. It was defendant's contention that he only agreed to assume the note secured by the purchased property and that he did not agree to assume a second note. Although defendant made monthly payments on both notes for a period of 15 months, he allegedly discovered that his payment was not solely for the outstanding indebtedness on the property itself and refused to pay the additional sum represented by the second note.

Plaintiff subsequently brought suit to collect the balance owed on the second note and was awarded judgment in her favor. We affirm.

1. Appellant asserts error on the general grounds. We find no error.

A. Appellant submits that there was no binding contract between the parties inasmuch as there was no written agreement setting forth all the elements of a contract, i.e., the agreed purchase price. Contrary to appellant's contentions, the fact that the parties' oral agreement was for the sale of land does not bring it under the Statute of Frauds and render it unenforceable. See Code Ann. § 20-401.

The evidence at trial showed that the parties orally contracted for the sale of the real property; that there was consideration for such sale (the amount now in dispute); that plaintiff fully performed under the contract by delivery of a warranty deed and possession of the property; and that defendant partially performed under the contract by taking possession of the property and paying on the two notes for 15 months. On the basis of the foregoing facts, there was part performance of the contract, removing it from the Statute of Frauds (Code Ann. § 20-402). *Knight v. Munday,* 152 Ga. App. 406 (263 SE2d 188).

B. Moreover, parol evidence is admissible to prove the consideration for the sale, the sufficiency of which was challenged. Since the "deed on its face does not show itself to be complete, certain and unambiguous [cits.] . . . parol evidence is admissible to show the actual consideration for the deed [cits.], and this is true when the consideration is in dispute . . ." *Knight,* supra, Division 1.

C. "While there is considerable conflict in the evidence as to what the consideration for this transaction was, nevertheless, the evidence was sufficient for the jury to find in favor of the plaintiff in the amount [so rendered]. All of the enumerations of error complaining of the sufficiency of the evidence, the weight of the evidence, and the denial of defendant's motion for directed verdict and for judgment notwithstanding the verdict are not meritorious." Id., Division 2. See *Massell Realty Co. v. Hanbury,* 165 Ga. 534, 545-6 (141 SE 653), in regard to appellant's assertion that an agreement to pay the second note would be unenforceable under Code Ann. § 20-401 (2) as a promise to pay a debt.

2. Appellant contends that the trial court erred in not instructing the jury to disregard the testimony of a witness who testified to a document, the contents of which were ruled inadmissible by the court. We find no error.

First of all, the record does not support appellant's contention that the referred-to document was ruled inadmissible. Rather, the record shows that counsel for plaintiff withdrew his tender of such document into evidence and that the court thus did not rule on its admissibility.

Second, nowhere in the record did appellant request that the testimony of the witness (referring to such document) be stricken. Appellant is thus precluded from asserting as error the trial court's failure to instruct the jury to disregard such testimony.

3. Nor do we find error in the trial court's refusal to charge appellant's requests to charge numbers 2 and 3 on the elements of a valid contract. It was not appellant's assertion at trial that the parties did not contract for the purchase of plaintiff's property, but rather that the purchase price for such property was only the indebtedness of the property itself, and not the assumption of an additional note.

Thus, appellant's requests to charge on the necessary elements of a contract were not pertinent to the issues involved in the case at bar.

Moreover, even assuming such charges were correct and applicable, we cannot agree that the trial court's refusal to charge such requests would have constituted harmful error. The charge, as given, correctly instructed the jury as to the relevant issues for jury resolution. The additional charges requested by appellant on the

elements of a valid contract, if given by the court, would have been superfluous.

4. Nor, in view of the conclusive evidence of part performance, do we find error in the trial court's refusal to charge appellant's requests with reference to the Statute of Frauds. *Knight,* supra, Division 3.

5. Since defendant's request to charge number 7 was not related to the evidence, the trial court did not err in refusing to so charge.

6. Appellant's request to charge number 12 reads as follows: "In other words, if the scales and weight of evidence are equally balanced, the plaintiff would not be entitled to recover and no mere sympathy for the plaintiff justifies any departure from settled rules of proof resting on all plaintiffs."

The trial court did give the charge requested but inadvertently omitted the word "no," before the phrase "mere sympathy." Appellant submits that the instruction was thus erroneous as to the requisite burdens of proof, and that it was misleading to the jury, mandating the reversal of the judgment.

Even assuming that the trial court did inadvertently omit the word "no" from the charge (i.e., that it was not a typographical error in the transcript, as appellee submits), the omission was a palpable slip of the tongue and could not, in the context of the entire charge, have misled the jury as to either the defendant's or the plaintiff's burden of proof. See, e.g., *Plemons v. State,* 155 Ga. App. 447 (270 SE2d 836). This is especially so in view of the trial court's additional instructions to the jury as follows: "If you should find that you are in doubt as to whether or not the plaintiff has proved her case, then you are duty bound to bring in a verdict for the defendant, as it is more consistent with legal justice that a given cause should fail for want of evidence than that it would succeed merely because the truth can not be shown.

"The party upon whom the law casts the burden of proof, which is the plaintiff in this case, cannot make out his case by evidence which simply raises a doubt as to the matter in issue, or leaves the proof equally balanced in the minds of the jury."

Since the trial court's charge fully and properly instructed the jury on the requisite burdens of proof, we find no error in the court's charge for the reason assigned. Finding no other error mandating reversal, the judgment of the trial court is affirmed.

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED JANUARY 8, 1981.

*Joseph M. Todd,* for appellant.
*Ben F. Easterlin,* for appellee.