74554. GAY v. FIRST NATIONAL BANK OF ATLANTA.
(361 SE2d 492)

POPE, Judge.

In May 1984 Professional Premium Services, Inc., borrowed $70,000 from The First National Bank of Atlanta, appellee herein. Both appellant Gay and Curtis F. Holland, the only shareholders of the corporation, personally guaranteed the indebtedness. As part of said guarantee, each executed deeds to secure debt on certain properties located in Bibb County. The record shows that the security deed on the "Holland" property was subject and inferior to two prior security deeds.

Professional Premium subsequently defaulted on the note. When

the individual guarantors failed to satisfy the corporation's indebtedness to the appellee, it instituted foreclosure proceedings on the Holland property. The appellee was the sole bidder at the foreclosure sale and purchased the property for $43,000. In lieu of confirmation proceedings, the parties executed an agreement wherein they affirmed the fairness of the purchase price and agreed "that upon a sale of said property [the appellee] will apply all of the net proceeds thereof to the balance due on the . . . indebtedness." The appellee subsequently resold the property for $39,000. Appellant ceased making payments on the remaining indebtedness in October 1985 and the appellee instituted proceedings against him to collect the balance of the loan. Both parties filed motions for summary judgment; the trial court granted the appellee's motion and awarded it $40,889.19 principal, $5,908.93 interest to the date of judgment plus future interest as provided in the promissory note, $7,019.72 attorney fees and costs. The trial court also entered an order denying appellant's motion for summary judgment; appellant appeals both the grant of summary judgment to appellee and the denial of his motion.

The sole issue for resolution on appeal concerns the determination of the amount of proceeds from the foreclosure sale that should be applied to the satisfaction of the indebtedness. Appellant contends that he was entitled to have the entire $43,000 foreclosure bid-in price applied to the reduction of the indebtedness because the Foreclosure Deed Under Power of Sale stated only that the property was sold "for cash for the sum of $43,000." Appellee contends the $43,000 bid-in price was inclusive of the amounts owed on the two prior security deeds, and thus, appellant was not entitled to have the entire $43,000 applied to the outstanding loan balance. In support of this argument appellee relies on certain facts which it alleges show its intent in this regard including, inter alia, the language in the deed under power that "[t]his conveyance is made subject to two deeds to secure debt. . . ." In support of its argument that the parties' intent is a proper inquiry in determining the consideration paid in the case sub judice, appellee relies on OCGA § 44-5-30 which provides in pertinent part as follows: "The consideration of a deed may always be inquired into when the principles of justice require it."

" 'It is true that as between the parties to the contract the consideration of a deed can generally be inquired into whenever the principles of justice require it. This is always true, if the consideration is expressed in the instrument merely by way of recital, and not in such a manner as to make it one of the terms and conditions of the deed. And where the consideration is expressed only by way of recital, it is permissible to show by parol testimony that the true consideration is in fact different from that expressed in the deed. (Cits.) However, one of the parties to a deed can not, under the guise of inquiring into its

consideration, alter the terms of the instrument; and where proof of a consideration different from the one expressed would have the effect of altering the terms and conditions imposed by the deed, it is not permissible to set up by parol another and different consideration for the purpose of showing a failure of the latter.' See also *Head v. Head*, 232 Ga. 373 (1) (207 SE2d 15) (1974)."[1] *Zorn v. Robertson*, 237 Ga. 395, 397 (228 SE2d 804) (1976); see *Awtrey v. Awtrey*, 225 Ga. 666 (171 SE2d 126) (1969); *Stonecypher v. Ga. Power Co.*, 183 Ga. 498 (3) (189 SE 13) (1936). Cf. *Knight v. Munday*, 152 Ga. App. 406 (1) (263 SE2d 188) (1979) (wherein the consideration stated was "Ten dollars and other valuable considerations.") In the present case the consideration in the deed under power was not by way of recital; rather the deed shows clearly that the property was purchased "for cash for the sum of $43,000." The deed also shows clearly that the property was encumbered by the two prior security deeds. However, the deed does not state, explicitly or otherwise, that the consideration stated was inclusive of the amounts necessary to extinguish the superior security deeds, and parol evidence was inadmissible to vary the clear and unambiguous purchase price stated in the deed under power. Accord *Moody v. Mendenhall*, 238 Ga. 689 (5) (234 SE2d 905) (1977).

However, we must also consider the effect of the agreement which the parties executed after the foreclosure sale in order to avoid the necessity of confirmation proceedings and which specified that the net proceeds from the sale of the property would be applied to the balance due on the indebtedness. We agree with appellee that pursuant to the terms of this agreement appellant was not entitled to have the loan amount reduced by the amount stated in the deed under power, but rather was entitled to have the outstanding indebtedness reduced only by the net profit realized by the appellee when it resold the property. Our review of the record indicates that no net profit was realized from the resale of the property and appellant does not contend otherwise; therefore, the trial court did not err in denying appellant's motion for summary judgment and in awarding summary judgment to appellee for the amounts specified in the order.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED SEPTEMBER 8, 1987 —
REHEARING DENIED SEPTEMBER 29, 1987.

*Thomas H. Hinson II*, for appellant.

---

[1] The court also noted that "examples of 'recital' of consideration would be 'For value received' or 'Ten dollars and other valuable consideration.'" *Zorn*, infra at 397.

*J. Ellsworth Hall III*, for appellee.