**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**January 24, 2024**

# In the Court of Appeals of Georgia

A23A1382.  SCHAFFER  v.  COLLINSVILLE  MEADOW
TOWNHOMES, LLC.

DILLARD, Presiding Judge.

In 2022, Jeffrey Schaffer recorded an affidavit affecting title to real property in the Chatham County records, asserting an ownership interest in a parcel of land in Savannah currently owned by Collinsville Meadow Townhomes, LLC ("CMT") that Schaffer conveyed to CMT's predecessor in interest. Thereafter, CMT filed a complaint against Schaffer, seeking, *inter alia*, injunctive relief removing the affidavit as a cloud upon its title. Following an emergency hearing, the trial court granted CMT's motion for permanent injunction and ordered Schaffer to remove the affidavit. On appeal, Schaffer contends the trial court erred in mischaracterizing the consideration language in the deeds Schaffer conveyed to CMT's predecessor, barring

parol evidence pertaining to that consideration, and ruling on issues outside the scope of CMT's claim for injunctive relief. For the following reasons, we vacate the trial court's order and remand this case for further proceedings consistent with this opinion.

We review a trial court's grant of a permanent injunction for a "manifest abuse of discretion."[1] And we review issues of law *de novo*, applying the "plain legal error" standard of review.[2] But with respect to factual issues, we construe the evidence "in favor of the trial court's findings and affirm if there is any evidence to support them, regardless of whether the evidence would also support opposite findings."[3]

So viewed, the record shows that on April 22, 2011, Schaffer and Thomas Berrigan obtained title to a single parcel of land located at 778 East Park Avenue and its intersection with 1015, 1017, and 1019 Paulsen Street in Savannah. Specifically, Schaffer acquired an 86 percent interest, Berrigan owned the remaining 14 percent,

---

[1] *Doxey v. Crissey*, 355 Ga. App. 891, 891 (846 SE2d 166) (2020) (punctuation omitted); *accord Harris v. Southern Christian Leadership Conference*, 313 Ga. App. 363, 364 (721 SE2d 906) (2011).

[2] *See Doxey*, 355 Ga. App. at 891 (punctuation omitted); *Harris*, 313 Ga. App. at 364.

[3] *Doxey*, 355 Ga. App. at 891 (punctuation omitted); *Harris*, 313 Ga. App. at 364.

and the two had plans to develop the property. But when Schaffer and Berrigan could not agree on how the development should proceed, David Slonim approached Schaffer and expressed interest in developing the property as his partner, allegedly suggesting that Schaffer transfer his interest to Park Paulsen Partners, LLC ("PPP")—an entity formed by Slonim.

Subsequently, on August 22, 2014, Schaffer conveyed his interest in the property to PPP, via a quitclaim deed, which in part provided: "[Schaffer], for and in consideration of the sum of One Dollar ($1.00) and other valuable consideration, receipt whereof is hereby acknowledged, hereby releases, bargains and quitclaims unto [PPP] . . . all of his interest in the following described property . . . ." More than three years later, on October 23, 2017, Schaffer executed a corrective quitclaim deed conveying the property in order to reflect the fact that PPP's more accurate name was Park & Paulsen Partners, LLC, rather than Park Paulsen Partners, LLC. The language in the 2017 quitclaim deed similarly provided that consideration was for "the sum of ONE AND NO/100s ($1.00) DOLLAR and other good and valuable consideration . . . ." That same day, Schaffer executed a second quitclaim deed to PPP for the purpose of releasing the property from a lien he placed on it on March 20, 2011,

shortly before his original acquisition of the property. And on the following day, Berrigan conveyed his 14 percent interest in the property to PPP via a similar quitclaim deed and received $50,000.00 in payment.

On June 10, 2019, PPP—with Slonim indicated as its sole member—executed a limited warranty deed conveying the property to CMT, for which Slonim was also the sole member. A little over a year later, on October 26, 2020, CMT executed a deed to secure debt, specifically securing a promissory note for over $1.6 million in order to begin developing the property. And on December 1, 2021, CMT executed a second deed to secure debt, related to a promissory note for over $1.9 million, for the purpose of completing the development of the property.

Schaffer did not reside in Savannah, and although he alleged that he frequently communicated with Slonim, he further alleged that he was not aware of CMT or the status of the development of the property—only learning of the latter when he drove to the site and observed nearly complete town homes. Consequently, believing Slonim reneged on their alleged agreement to form a partnership, on March 3, 2022, Schaffer executed an affidavit, asserting an ownership interest in the property and recorded the it in the Chatham County records. Additionally, Schaffer averred that he had not been

compensated for conveying the quitclaim deeds in 2014 and 2017, despite unspecified promises that he would receive compensation. Later, Schaffer also filed a *lis pendens* concerning the property in the Superior Court of Chatham County.

On May 11, 2022, CMT filed a complaint against Schaffer, seeking a declaratory judgment ruling the affidavit defective and further seeking injunctive relief removing it as a cloud upon its title; and attached to the complaint as exhibits were the aforementioned deeds. That same day, CMT also filed an emergency motion for permanent injunction, arguing Schaffer's affidavit prevented sale of the property and could lead to default and foreclosure under the aforementioned promissory note. Schaffer filed an answer and counterclaims, and the trial court scheduled a hearing on CMT's motion for November 18, 2022.

The transcript of that hearing was not included in the appellate record, but allegedly, the trial court only heard argument; and afterward, it scheduled a second hearing for November 28, 2022. During that second hearing (the transcript of which was also not included in the appellate record), the trial court again heard arguments, and at the conclusion of the hearing, the court advised that it was granting CMT's motion for permanent injunction—which it did in a November 30, 2022 order.

Specifically, the court found that all three quitclaim deeds executed by Schaffer recited "consideration of One Dollar ($1.00)[,]" and Schaffer was prohibited from altering those terms with parol evidence. So, according to the court, Schaffer relinquished his interest in the property and had no valid claim affecting title. Even so, the court noted that its findings did not impact Schaffer's compensation claims, which he could still pursue. Thereafter, Schaffer filed a motion for reconsideration, which the court denied. This appeal follows.

1. In his first two enumerations, Schaffer contends the trial court erred by mischaracterizing the consideration language in the quitclaim deeds by which Schaffer conveyed the subject property and barring review of parol evidence concerning consideration. We agree.

When a grantor of a quitclaim deed "assigns all its right, title, interest, claim or demand in the tract of land conveyed, it is estopped from asserting any title to or interest in the property conveyed, acquired previously to the execution of the quitclaim deed."[4] And needless to say, a grantor "cannot engraft upon a written quitclaim deed an oral contract which would impose an additional affirmative

---

[4] *Clements v. Weaver*, 301 Ga. App. 430, 434 (2) (687 SE2d 602) (2009) (punctuation omitted).

6

obligation upon the grantee."[5] Similarly, parol evidence is "not admissible to place conditions upon a quitclaim deed which is absolute on its face."[6] But as between parties to the contract, the consideration of a deed can "generally be inquired into whenever the principles of justice require it."[7] Importantly, this is always true when "the consideration is expressed in the instrument merely by way of recital, and not in such a manner as to make it one of the terms and conditions of the deed."[8] In fact, when the consideration is expressed "only by way of recital, it is permissible to show by parol testimony that the true consideration is in fact different from that expressed in the deed."[9]

---

[5] *Id.* at 434-35 (2) (punctuation omitted); *see Dodson v. Phagan*, 227 Ga. 480, 482 (181 SE2d 366) (1971) (Per Curiam) ("[When] the consideration is so expressed as to make it one of the terms and conditions of the deed, one of the parties thereto cannot, under the guise of inquiring into its consideration, alter the terms of the instrument." (punctuation omitted)).

[6] *Clements*, 301 Ga. App. at 435 (2) (punctuation omitted).

[7] *Zorn v. Robertson*, 237 Ga. 395, 397 (228 SE2d 804) (1976) (punctuation omitted); *accord Stonecypher v. Ga. Power Co.*, 183 Ga. 498, 504 (3) (189 SE 13) (1936).

[8] *Zorn*, 237 Ga. at 397 (punctuation and footnote omitted).

[9] *Zorn*, 237 Ga. at 397 (punctuation omitted); *accord Stonecypher*, 183 Ga. at 504 (3).

Here, the quitclaim deeds by which Schaffer conveyed his interest in the property each recite—with only slight differences— consideration of "One Dollar ($1.00) and other valuable consideration." In contrast, the trial court's order asserted the deeds recited "consideration of One Dollar ($1.00)." And while this discrepancy may appear minor, it is not. As our Supreme Court has explained, the manner in which consideration is expressed in the quitclaim deeds Schaffer conveyed is a classic example of consideration merely by way of recital; and as a result, the details of such consideration are properly subject to further inquiry.[10] Given the trial court order's (perhaps unintentional) mischaracterization of the consideration recited in the quitclaim deeds, as well as its citation of case authority supporting an implication that

---

[10] *See Zorn*, 237 Ga. at 398 n.1 (noting that "[e]xamples of 'recital' of consideration would be 'For value received' or 'Ten dollars and other valuable consideration'"); *Gay v. First Nat'l Bank of Atlanta*, 184 Ga. App. 340, 343 n.1 (361 SE2d 492) (1987) (same); *Stewart v. Phillips*, 154 Ga. App. 379, 380 (268 SE2d 427) (1980) ("The consideration for the deed was expressed as 'Ten ($10.00) Dollars and other valuable consideration.' [When], as here, the consideration was expressed merely by way of recital, it may be shown that the true consideration is in fact different from that expressed in the deed." (punctuation omitted)); *Knight v. Munday*, 152 Ga. App. 406, 407 (1) (263 SE2d 188) (1979) ("It is noted that the warranty deed shows a consideration of 'Ten dollars and other valuable considerations.' Under the circumstances the deed on its face does not show itself to be complete, certain and unambiguous.").

further inquiry into the details of consideration is precluded,[11] we vacate its order and remand the matter for reconsideration in a manner consistent with this opinion.[12]

2. In his third enumeration, Schaffer contends the trial court also erred by ruling on issues outside the scope of CMT's claim for injunctive relief. But Schaffer fails to point to any specific instances in which the court allegedly strayed beyond the scope of its remit, arguably abandoning this contention.[13] Regardless, given our holding in

---

[11] *See City of Gainesville v. Dodd*, 275 Ga. 834, 838-39 (573 SE2d 369) (2002) (noting that in cases in which the trial court relies on an erroneous legal theory in its ruling, appellate courts have the discretion to vacate the trial court's order and remand for application of the proper legal analysis).

[12] *See Doxey*, 355 Ga. App. at 893-94 (1) (b) (vacating trial court's grant of permanent injunction in light of court's legal error in misapplying parol evidence rule and directing court to consider change in the manner, frequency, and intensity of use of an easement at issue). CMT argues the trial court should be affirmed based on Schaffer's failure to include the hearing transcripts in the appellate record. CMT is, of course, correct that if "the transcript is necessary for review and appellant omits it from the record on appeal, the appellate court must assume the judgment below was correct and affirm." *Quarterman v. Lee*, 291 Ga. App. 603, 603 (662 SE2d 234) (2008) (punctuation omitted). But given that the mischaracterization of the consideration in the deeds is contained in the trial court's order, review of the transcript is unnecessary. *See Mikell v. Hortenstine*, 334 Ga. App. 621, 622–23 n. 3 (780 SE2d 53) (2015) (explaining transcript was not necessary to resolution of the appeal as the alleged error was apparent from the face of the order); *Cameron v. Miles*, 311 Ga. App. 753, 755 (1) (716 SE2d 831) (2011) (same).

[13] *See Farmer v. Dep't of Corr.*, 346 Ga. App. 387, 394 (2) (816 SE2d 376) (2018) (explaining "an appellant must support enumerations of error with argument and

9

Division 1, *supra*, vacating the trial court's order, this claim is moot and we need not address it.

*Judgment vacated and case remanded with direction. Rickman and Pipkin, JJ., concur.*

---

citation of authority, and mere conclusory statements are not the type of meaningful argument contemplated by our rules" (punctuation omitted)).